Odis ROSS, Administrator of the Estate of Robert Ross, Jr.
*v.* Dorothy MOORE

CA 87-447                                                    758 S.W.2d 423

Court of Appeals of Arkansas
Division II
Opinion delivered October 19, 1988

*Felver A. Rowell, Jr.*, for appellant.

*Dale Lipsmeyer*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Conway County Circuit Court. Appellant, Odis Ross, administrator of the estate of Robert Ross, Jr., appeals from a judgment finding that Robert Ross, Jr. is the father of appellee Dorothy Moore's children, Tracy Moore and Dexter Moore. We reverse and remand.

This suit was initiated in Conway County Circuit Court by the State in the name of appellee. Appellee did not wish to file the action but was required to do so in order to continue receiving welfare benefits. The action was heard by the county court and Robert Ross was adjudged to be the father of Dexter and Tracy Moore. Mr. Ross appealed the judgment to the circuit court, but died prior to the case being called. The cause of action was revived in the name of Odis Ross, Administrator of the Estate of Robert Ross, Jr., Deceased, by order filed of record June 16, 1987. The case was heard *de novo* July 8, 1987, by the circuit judge sitting without a jury. A judgment entered July 21, 1987 adjudged Robert Ross, Jr. to be the natural father of Dexter Moore and Tracy Moore. From this judgment, comes this appeal.

For reversal, appellant alleges in his only point that the

evidence was insufficient on behalf of the appellee to establish paternity.

We have held that in a bastardy proceeding brought against a living putative father, the mother's burden of proof is nothing more than a mere preponderance of the evidence, since the proceeding is civil in nature rather than criminal even where the action is bought in the name of the State. *McFadden v. Griffith*, 278 Ark. 460, 647 S.W.2d 432 (1983). In contrast, one who claims to be the illegitimate child of a deceased person seeking to share in the decedent's estate must prove paternity by clear and convincing evidence. *Lewis v. Petty*, 272 Ark. 250, 613 S.W.2d 585 (1981). The differing standards present a novel issue with regard to the facts in the case at bar. As noted above, the case was heard in county court while Mr. Ross was living. Ms. Moore's burden of proof in that proceeding was clearly to establish paternity by a preponderance of the evidence. The decision of the county court was appealed to circuit court pursuant to Arkansas Code Annotated § 9-10-106(d) (1987) (formerly Ark. Stat. Ann. § 34-701.1(b) (Supp. 1985)). However, prior to the case being called in circuit court, Mr. Ross died. The State revived the action and pursued the appeal in circuit court. The initial question is which burden was applicable in the circuit court proceeding.

Upon appeal of a bastardy action from county court, a trial *de novo* without a jury shall be conducted by the judge of the circuit court. *Id.* A *de novo* trial has been defined as trying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered. Black's Law Dictionary 392 (5th ed. 1979).

Because the matter was tried anew before the circuit judge after the putative father died, the reasoning of the supreme court in *McFadden* seems equally applicable in the analogous situation before us. In *McFadden*, the court explained that a higher standard of proof is required where one claims to be the illegitimate child of a deceased person because the death of the man charged with having fathered the child has deprived the estate of its most valuable witness. *Id.* at 461, 647 S.W.2d at 432. The same is true in a bastardy proceeding against the estate of a deceased putative father. For this reason, Ms. Moore was required to establish paternity by clear and convincing evidence

before the circuit judge. Thus, the question on appeal is whether the trial judge's finding that paternity was proved by clear and convincing evidence is clearly erroneous. ARCP Rule 52(a).

Clear and convincing evidence has been defined as evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitation, of the matter asserted. *Reed* v. *Reed*, 24 Ark. App. 85, 749 S.W.2d 335 (1988). Viewed in the light most favorable to the appellee, the evidence reflects that Dorothy Moore testified that she had sexual relations with Robert Ross, Jr. when the two children were conceived and that during the time these children were conceived she did not have sexual relations with any other man. She also stated that Mr. Ross brought presents for them on holidays and sometimes gave them money when school started. During her testimony, she stated that a blood test had been performed in connection with these proceedings. However, for reasons unknown, the test results were not made part of the record. Several witnesses testified on behalf of the estate, all of whom generally testified that Mr. Ross had never acknowledged paternity of the children to them, nor were they otherwise aware of the alleged paternity.

The trial judge accepted Ms. Moore's testimony as undisputed because none of appellant's witnesses were able to affirmatively deny that Robert Ross was the father of the children. However, such acceptance seems questionable in light of the fact that the deceased would have been the only witness available to affirmatively deny paternity. Mr. Ross clearly denied having fathered the children in his answer to the complaint. Ms. Moore also testified that he denied the children were his in the prior court proceeding. The trial judge's finding that Ms. Moore's testimony was undisputed is clearly erroneous under these circumstances, and appellee's attorney so conceded in his oral argument of the case before this court. The trial court, in ruling upon the paternity issue stated: "I find that Robert Ross is the father of these two children based upon the testimony, the scant testimony I have on the matter." We believe the trial judge was clearly wrong in finding that the "scant" evidence adduced at trial rose to the level of clear and convincing proof.

Although appellant asks that the case be reversed and

dismissed, we find it appropriate in this situation to remand. As the supreme court stated in *Little Rock Newspapers, Inc.* v. *Dodrill*, 281 Ark. 25, 660 S.W.2d 933 (1983), when a trial record discloses a simple failure of proof, justice demands that we remand the cause and allow plaintiff an opportunity to supply the defect unless it clearly appears that there can be no recovery. *See also, Colonial Life and Accident Ins. Co.* v. *Whitley*, 10 Ark. App. 304, 664 S.W.2d 488 (1984). Here, the evidence might well have been much more developed than it was and it is not clear that there can be no recovery. Therefore we believe a remand is the appropriate course.

We would also note that despite appellee's failure to file a notice of appeal, she asserts that the trial judge erred in not allowing the testimony of Joe Cambiano. Mr. Cambiano was the attorney for Robert Ross, Jr. prior to his death. Appellee sought to present evidence through Mr. Cambiano regarding conversations he had with Mr. Ross prior to his death. However, Mr. Cambiano's proposed testimony was not proffered into the record. Error may not be predicated upon a ruling that excludes evidence unless the substance of the evidence is proffered. Ark. R. Evid. 103.

Reversed and remanded.

CRACRAFT and MAYFIELD, JJ., agree.