William J. WOLFE *v.* CITY OF EL DORADO, et al.

CA 90-149                                        799 S.W.2d 812

Court of Appeals of Arkansas
Division I
Opinion delivered December 5, 1990

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*J. Chris Bradley*, for appellee.

JOHN E. JENNINGS, Judge. On September 12, 1987, William J. Wolfe sustained an admittedly compensable injury to his neck resulting from an automobile accident. Wolfe was then an officer with the El Dorado Police Department. His neck injury was treated with physical therapy, muscle relaxants, and pain pills.

On November 23, 1988, Mr. Wolfe's wife, Wanda, drove to work in his pickup truck. When Wolfe discovered his medicine had been left in the truck he drove his wife's car to her work place to retrieve it. On the way home his vehicle was struck from the rear. The accident resulted in an injury to Wolfe's lower back, which was also treated with physical therapy.

The issue is whether the claimant's second injury is compensable. The administrative law judge held that it was, relying on *Preway, Inc. v. Davis*, 22 Ark. App. 132, 736 S.W.2d 21 (1987).

The Commission held that it was not, distinguishing *Preway.* We affirm the Commission's decision.

In *Preway* the claimant sustained a compensable back injury. She sought permission from the insurance carrier to see a doctor in her hometown of Paragould but was advised by the carrier to return to her treating physician in Memphis. On the way to the doctor's office the claimant had an automobile accident and suffered a broken ankle. We affirmed the Commission's conclusion that the second injury was compensable. We quoted, with approval, the general rule from Larson that "when an employee suffers additional injuries because of an accident in the course of a journey to a doctor's office occasioned by compensable injury, the additional injuries are generally held compensable. . . ." *Preway, Inc.*, 22 Ark. App. at 134, citing 1 A. Larson, *The Law of Workmen's Compensation* § 13.13 (1985). *See also McElroy's Case*, 397 Mass. 743, 494 N.E.2d 1 (1986); *Laines v. Workmen's Compensation Appeals Bd.*, 48 Cal. App. 3d 872, 122 Cal. Rptr. 139 (1975); *Taylor v. Centex Constr. Co.*, 191 Kan. 130, 379 P.2d 217 (1963).

We also discussed Larson's concept of "quasi-course of employment":

> By this expression is meant activities undertaken by the employee following upon his injury which, although they take place outside the time and space limits of the employment, and would not be considered employment activities for usual purposes, are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury.

The word "reasonable" as used here by Larson "relates not to the method used, but to the category of activity itself." 1 A. Larson, *The Law of Workmen's Compensation* § 13.11(d) (1990).

While we were correct in holding in *Preway* that the "going and coming rule" did not govern the decision there, some of the general principles associated with the rule certainly are not irrelevant. The claimant bears the burden of proving that his injury was the result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the

employment. *Moore* v. *Darling Store Fixtures*, 22 Ark. App. 21, 732 S.W.2d 496 (1987). In order for an injury to arise out of the employment it must be a natural and probable consequence or incident of the employment and a natural result of one of its risks. *Arkansas Dep't of Health* v. *Huntley*, 12 Ark. App. 287, 675 S.W.2d 845 (1984).

The facts in *Maguire's Case*, 16 Mass. App. 337, 451 N.E.2d 446 (1983) are virtually indistinguishable from the case at bar. There the claimant suffered an injury to a tooth while in the scope and course of her employment. She was treated by a dentist who prescribed penicillin and codeine. A few days later the dentist pulled the tooth. As the claimant headed back to work she realized she had left her codeine at home. On the way back to retrieve it she was injured in an automobile accident. The Massachusetts Appeals Court, while recognizing that recovery is generally allowed for injuries sustained while in route for medical treatment of work-related injuries, held that an injury such as the claimant's was beyond the risk that an employer is required to bear.

A somewhat similar decision was made in *Schander* v. *Northern States Power Co.*, 320 N.W.2d 84 (Minn. 1982). There the claimant was injured in an automobile accident while returning home after attending a retraining course for which he had been certified following a work-related injury. While the court recognized that under Minnesota law an employee has "as much right to receive retraining as he does to receive medical treatment," the court held that compensation should not have been awarded for the second injury:

> We are not convinced, however, that there is a sufficiently direct relationship between employment and injuries sustained by an employee while returning from his retraining course to his home that justify the conclusion that during that time he is in the course of employment.

*Schander*, 320 N.W.2d at 85.

We agree with the holdings in *Maguire's Case* and *Schander*. Certainly the claimant's prior compensable injury was a cause of his second automobile accident·in the sense that, but for the original compensable injury, ·Wolfe would have had no

occasion to be taking the medicine at all. His conduct in driving to his wife's place of work to get his medicine was not unreasonable in the abstract. However, the risk of injury during the course of this "category of activity," *i.e.* a trip by the claimant to retrieve forgotten medication, is one which, on balance, ought not to be borne by the employer.

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.