OSMOSE WOOD PRESERVING *v.* Buddy L. JONES

CA 91-472                                        843 S.W.2d 875

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1992

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *E. Diane Graham*, for appellant.

*Jay N. Tolley*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's order affirming and adopting the administrative law judge's decision finding that appellee had contracted an occupational disease, histoplasmosis, during the course and scope of his employment with appellant and that he had become totally disabled as a result. On appeal, appellant contends that the Workers' Compensation Commission's decision is not supported by substantial evidence. We disagree and affirm.

■■ In reviewing the Commission's decision, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached. *Willmon* v. *Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992).

Appellee worked for Osmose Wood Preserving, appellant, from February 1990 until July 1990. Appellant engages in the manufacturing of utility poles and inspection of existing power line utility poles to determine if the poles need to be replaced. To determine if the poles needed to be replaced or treated, an 18 by 24 inch hole was dug around the base of the pole. If the pole needed to be treated, it was coated with creosote, wrapped with material and the ground restored. Appellee's job consisted of digging around the poles and treating the poles if necessary. About June 21, 1990, appellee became ill. Dr. Robin J. McAlister determined that appellee was suffering from histoplasmosis after eliciting a positive histoplasmosis serology.

■ The applicable statute in this case is Ark. Code Ann. § 11-9-601 (1987). Specifically under § 11-9-601(e), an occupational disease is one that results in disability or death and arises out of and in the course of the occupation. However, no compensa-

tion shall be payable for any ordinary disease of life to which the general public is exposed. § 11-9-601(e)(3). Also, under § 11-9-601(e)(2), no compensation shall be payable for any contagious or infectious disease unless contracted in the course of employment in a hospital or sanitorium.

The administrative law judge found that appellee was exposed to the histoplasma capsulatum; that histoplasmosis is peculiar to the occupation in which appellee was engaged; and that histoplasmosis is not a disease common to the general public. The administrative law judge also noted that histoplasmosis is not the kind of infectious disease which the statutory exclusion addresses.

First, appellant argues that the record is void of any proof that appellee actually came into contact with the fungus which caused his histoplasmosis while working for appellant. However, the record discloses that appellee was working in Northwest Arkansas which is saturated with poultry production houses and that histoplasma capsulatum is endemic to this area. The appellee testified that the poles which he inspected and treated were located in rural areas, and that the lines ran through bushy areas, creek bottoms, farms, chicken houses and in fields treated with chicken feces. Appellee testified that he had on occasion dug through chicken feces to gain access to the poles. Dr. Robin McAlister's notes concerning appellee stated that appellee denied any camping trips, hunting, fishing or exposure to wild animals. Dr. McAlister also noted that "in light of all of this, as well as positive serologies confirming histoplasmosis and positive mediastinal lymph node biopsies, it must be assumed that this patient had significant exposure to histoplasma capsulatum through his work. I am unable to elicit any other method of exposure." Dr. Eileen Taft stated "[i]t seems logical to me that systemic illness with this organism may have well resulted from the activities which the patient performs in his line of work." Also, Dr. Taft notes that appellee's work certainly predisposes him to exposure to a relatively high inoculum of the organism.

In workers' compensation cases, medical opinions need not be expressed in terms of reasonable medical certainty in speaking of causal connection when there is supplemental evidence supporting the causal connection. *Hope Brick Works* v.

*Welch*, 33 Ark. App. 103, 802 S.W.2d 476 (1991). Causal connection is generally a matter of inference, and possibilities may play a proper and important role in establishing that relationship. *Id*. Given the evidence that appellee was exposed to the fungus at work and the medical opinions offered on this subject, we cannot say there is no substantial evidence to support the Commission's finding that appellee's condition was causally related to his employment.

◾◾ Second, appellant argues, with reference to Ark. Code Ann. § 11-9-601(e)(3), that 80% of the people in Arkansas are exposed to the fungus and that no other employee contracted the fungus. The fact that the general public may contract the disease, however, is not controlling; the test of compensability is whether the nature of employment exposes the worker to a greater risk of that disease than the risk experienced by the general public or workers in other employments. *Sanyo Mfg. Corp.* v. *Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984). In this case, there was testimony that appellee was exposed to chicken feces and areas with the histoplasmosis fungus on a daily basis due to his employment. Consequently, we cannot say there is no substantial evidence to support the finding that appellee was placed at a greater risk of acquiring the fungus than the general public.

◾ Also, appellant contends that histoplasmosis is an "infectious disease" which bars a workers' compensation claim. This argument is based on Dr. McAlister's testimony that histoplasmosis was a fungus that was "infectious" and the provision of Ark. Code Ann. § 11-9-601(e)(2), which states:

> (2) No compensation shall be payable for any contagious or infectious disease unless contracted in the course of employment in, or immediate connection with, a hospital or sanitorium in which persons suffering from that disease are cared for or treated.

However, just as the ALJ pointed out in his decision, we are of the opinion that appellee's histoplasmosis is not excluded under Ark. Code Ann. § 11-9-601(e)(2) (1987).

◾ Provisions of the Workers' Compensation Act are to be construed liberally in favor of the claimant. In interpreting a

statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. *City of Fort Smith* v. *Tate*, 38 Ark. App. 172, 832 S.W.2d 262 (1992).

The original Arkansas Workers' Compensation law, enacted in 1939, provided coverage for occupational disease and included a schedule of compensable diseases and included a schedule of compensable disease under Ark. Code Ann. § 81-1314(a)(5). Listed in the category of compensable diseases was:

> 12. Infectious or contagious disease contracted in the course of employment in, or in immediate connection with, a hospital or sanatorium in which persons suffering from such disease are cared for or treated.

In 1976, section 14, the occupational disease section, was amended by Act 1227. The listing of compensable diseases was discarded; however, a provision was maintained to protect hospital or sanatorium workers under § 81-1314(a)(5)(ii), which is now codified at Ark. Code Ann. § 11-9-601. When reviewing the statutory history of this provision, we observe that the category set out in § 81-1314(5)(12) (1948) was inclusive in nature and provided coverage for contagious or infectious diseases which hospital or sanatorium workers contracted through their employment. Section 11-9-601(e)(2) was not meant to exclude coverage for employees who contract an infection in the course of their employment because they do not work in a hospital or sanatorium, but rather was to protect hospital and sanatorium workers. We have repeatedly held that the Workers' Compensation Act is to be liberally construed in favor of the claimant in accordance with the Act's remedial purpose. *Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). We cannot say that the Commission's conclusion that appellee's histoplasmosis is the type of infection which is compensable under § 11-9-601 was in error. Based on the evidence that appellee acquired histoplasmosis through his exposure to the fungus in connection with his employment; that appellee was placed at a greater degree of risk of contracting this fungus due to his work; and that histoplasmosis is peculiar to appellee's job, we also cannot say

that there is no substantial evidence to support the Commission's decision.

Affirmed.