HARRINGTON CONSTRUCTION CO., et al. *v.*
David WILLIAMS

CA 93-239                                                  872 S.W.2d 426

Court of Appeals of Arkansas
En Banc
Opinion delivered March 23, 1994
[Rehearing denied April 20, 1994.*]

---

*Mayfield, J., would grant rehearing.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellant.

*Lane, Muse, Arman & Pullen*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was employed by Harrington Construction Company as a cement finisher. He filed a claim for benefits contending that he developed contact dermatitis in January 1991 because of his exposure to concrete, and asserting entitlement to temporary disability benefits. Prior to the hearing on the merits of the case, the administrative law judge mailed the employer's insurance carrier a notice regarding pre-hearing procedures to be followed, including the requirement that certain information be disclosed; the notice stated that failure to do so in a timely manner might result in a party being foreclosed from asserting claims and defenses. Subsequently, the administrative law judge entered an order finding that the employer's insurance carrier had failed to comply with the pre-hearing procedure and would therefore be foreclosed from presenting any defenses at the hearing. The appellants' motion to set aside that order was denied and, after a hearing on the merits, the administrative law judge found that the appellee sustained a compensable injury entitling him to temporary total disability benefits from July 15, 1991, through October 7, 1991, and temporary partial disability benefits from October 7, 1991, until a date yet to be determined. After a *de novo* review, the Workers' Compensation Commission found that the administrative law judge correctly precluded the insurance carrier from asserting defenses based upon the carrier's failure to respond to the pre-hearing information filing, and that the appellee had met his burden of

proving by clear and convincing evidence that he had contracted an occupational disease entitling him to temporary total and temporary partial disability benefits. From that decision, comes this appeal.

For reversal, the appellants contend that the administrative law judge lacked the authority to enter an order precluding them from asserting a defense or offering evidence, and that this order was in any event a manifest abuse of discretion which requires reversal. The appellants also contend that the Commission's finding that the appellee contracted an occupational disease entitling him to temporary total and temporary partial disability benefits. is not supported by substantial evidence. We do not agree, and we affirm.

We first address the appellants' contention that neither the administrative law judge nor the Workers' Compensation Commission had the authority to enter the order precluding them from asserting a defense or offering evidence at the hearing. From the record, it appears that the administrative law judge mailed the employer's insurance carrier a notice on September 9, 1991, which detailed the pre-hearing procedures to be followed and stated that a party failing to complete the disclosures in a timely manner might be foreclosed from asserting claims and defenses. The insurance carrier failed to comply with the pre-hearing notice and, on November 13, 1991, the administrative law judge warned the insurance carrier that it would be precluded from presenting evidence to defend against the claim unless a response was filed within fifteen days. Although the carrier acknowledged receipt of that letter, it nevertheless failed to respond to the pre-hearing information request within the additional fifteen day period granted by the administrative law judge.

We think that the circumstances of the case at bar are analogous to those presented in *Loosey* v. *Osmose Wood Preserving. Co.*, 23 Ark. App. 137, 744 S.W.2d 402 (1988), in which we affirmed the dismissal of an employee's claim on the ground that he failed to answer interrogatories. In *Loosey, supra,* we held that the Commission was authorized to make rules governing discovery, and that the administrative law judge had the authority to make orders pertaining to discovery. Pursuant to Ark. Code Ann. § 11-9-205(a)(1)(A) (1987), the Workers' Compensation

Commission is specifically authorized to make such rules and regulations as may be found necessary to carry out its duties. Subsection (C) of that statute charges the referee with the duty of conducting hearings, investigations, and making such orders as are required by any of the Commission's rules. Rule 16 of the Workers' Compensation Commission allows the Commission to order the depositions of any party or witness, and to order any other discovery procedure.

In *Loosey, supra*, the Commission dismissed an employee's claim with prejudice because he failed to answer interrogatories propounded by the employer. Despite the highly remedial purpose of the Workers' Compensation Act and our obligation to construe any ambiguities in the Act in favor of the workers for whose benefit it was adopted, *see Osmose Wood Preserving v. Jones*, 40 Ark. App. 190, 843 S.W.2d 875 (1992), we upheld the dismissal of the employee's claim for failure to timely answer the employer's interrogatories, noting that the employee failed to answer the interrogatories in a timely manner despite an order of the administrative law judge which permitted him additional time to do so. *Loosey*, 232 Ark. App. at 141.

The case at bar presents similar facts in that the appellant was likewise informed that certain disclosures were required and that failure to do so in a timely manner might result in it being precluded from asserting any claims and defenses, the appellant failed to meet the deadline and was given additional time by the administrative law judge, and the appellant nevertheless failed either to make the required disclosures or request an additional extension before the expiration of the extended deadline. The disclosures in the case at bar were to be completed before the pretrial conference. The Commission is specifically authorized to make such investigation as it considers necessary in respect to a claim, Ark. Code Ann. § 11-9-704(b)(1) (1987), and the pretrial conference procedure itself is a relatively recent addition to the Workers' Compensation Act which was designed to provide an opportunity for early resolution of some or all of the issues present at the time. Ark. Code Ann. § 11-9-703(2) (Supp. 1993). This is in keeping with the spirit of the Workers' Compensation law which is, *inter alia*, to afford those who are injured a form of relief which is both simple and speedy. *See Cook v. Southwestern Bell Telephone Co.*, 21 Ark. App. 29, 727 S.W.2d 862 (1987).

■ The appellant was notified that failure to complete the disclosures in a timely manner could result in the sanction which ultimately was imposed, thus satisfying due process. *See Loosey, supra.* We think it clear that the specific authority to investigate claims granted to the Commission carries also the authority to make such orders and impose such sanctions as are reasonably necessary to carry out that purpose. Although it is argued that the sanction imposed was unduly harsh, it was much milder than the dismissal of the worker's claim which was affirmed for a similar example of nonfeasance in *Loosey, supra.* We hold that the administrative law judge possessed the authority to enter an order precluding the appellants from asserting a defense or offering evidence by virtue of the specific statutory authorization permitting the Commission to investigate claims and to make such rules and regulations as are necessary to carry out its duties.

■ Nor do we find merit in the appellants' argument that the order precluding them from asserting any defense or introducing any evidence at the hearing was based on a pattern of conduct established by the insurance carrier, and that the record contains no evidence to establish any such pattern of conduct. We disagree with the appellants' argument because it is clear from the record that the administrative law judge's order was based squarely on the insurance carrier's failure to respond to the request for prehearing information in the case at bar. The reference to a "pattern of conduct" took place in the context of the following exchange between the administrative law judge and the attorney the appellants employed on the eve of the hearing:

> JUDGE STILES: And I have reviewed the motion and the supporting affidavit of Mr. Fleming, and I will deny the motion, Mr. Henry, but I want to just make it clear for purposes of this record, ordinarily I would not be so inflexible about these things, but in this particular case, because U.S.F. & G. not only failed to respond to the initial Request for Prehearing Information and did not take advantage of the additional time given them, I want it to be clear that the reason for my inflexibility this morning runs to U.S.F. & G. and not to this very able attorney that they have hired at the last minute.

MR. HENRY: Well, of course, my position is the same, Your Honor.

JUDGE STILES: And I want to make one further statement, just so I don't look like an absolute ogre about this. It's not just this case, and I've had some conversation with both respective counsel about this, there is a pattern of conduct that's been established by this particular carrier with other cases, so hopefully this will be a sufficient attention-getter that this will not occur in the future.

I'm sorry to have to do this to you, Mr. Henry. You and I have been working opposite sides of this thing for the last fourteen-and-a-half years, you always do an admirable job, and I hope you understand that I'm not personally trying to skin the bark off your tree, but I am skinning it off your client.

When read in context, we think that the administrative law judge's reference to a "pattern of conduct" was not the basis of his order *per se*, but instead was an aside in the nature of a personal explanation to a respected attorney with whom the judge had a work relationship of long standing. Furthermore, our review is addressed to the sufficiency of the findings of the Workers' Compensation Commission rather than to the remarks of administrative law judges, and no such "pattern of conduct" is mentioned in the Commission's opinion, which found that the appellant insurance carrier was correctly precluded from asserting defenses by virtue of its failure to respond to the prehearing information filing in the case at bar. We find no error on this point.

Finally, we address the appellants' contention that there is no substantial evidence to support the Commission's finding that the appellee contracted an occupational disease entitling him to temporary disability benefits.

When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if the Commission's decision is supported by substantial evidence. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864

S.W.2d 871 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

■ Viewed in the light most favorable to the Commission's findings, the evidence shows that the appellee was employed by the appellant construction company as a cement finisher. During the course of his employment with the appellant construction company, the appellee noticed itching and redness on his feet and hands. Although the appellee originally thought that the condition was athlete's foot and therefore did not seek medical treatment, the appellee did inform his employer that he was having difficulty and sought medical treatment from Dr. Gehrki, a general practitioner, on May 13, 1991. The appellee was diagnosed with contact dermatitis due to secondary concrete exposure. Although the appellee quit working for the appellant construction company on the day he first saw Dr. Gehrki, and was subsequently employed for approximately two months by another party as a concrete finisher, there was evidence that the appellee was not exposed to concrete in his work for the second employer because he wore rubber boots and gloves that protected him from the concrete; in contrast, the record shows that, while working for the appellant construction company, the appellee had holes in his rubber boots and wore no rubber gloves. Furthermore, there was evidence that, while still employed by the appellant construction company, the appellee was sufficiently disabled that his supervisor noticed that he was "hopping" at work due to his discomfort. Finally, although there was evidence that the appellee was subsequently employed by Johnny Bean, there was also evidence that Mr. Bean permitted the appellee an extremely flexible work schedule, permitting the appellee up to a week at a time to recover from the lesions which periodically erupt on his hands and feet because of his occupational disease.

Viewing this evidence, as we must, in the light most favorable to the Commission's findings, we cannot say that the findings of occupational disease entitling the appellee to temporary disability benefits were not supported by substantial evidence.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the result reached or the reasoning employed by the majority opinion in this case. The law judge precluded the insurance carrier for the employer from presenting a defense against the appellee's claim for workers' compensation. The reason given by the law judge for this drastic action was that the insurance company (appellant) had not complied with the judge's prehearing requirements. In affirming that action, the majority opinion has overlooked a basic element in the process by which workers' compensation cases are decided.

Many years ago, the Arkansas Supreme Court pointed out that it is the duty of the Workers' Compensation Commission to make findings according to the preponderance of the evidence and not whether there is any substantial evidence to support the findings of the referee (now the administrative law judge). *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 81, 371 S.W.2d 528 (1963). In *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 495, 579 S.W.2d 360, 362 (1979), the court said "we give the law judge's findings no weight whatever," And the Arkansas Court of Appeals recognized this principle in the early days of its operation. *See Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981).

In the present case, as the majority opinion states, the appellant failed to comply with the prehearing procedures as detailed in the law judge's notice and failed again to furnish information within fifteen days as requested by a letter from the law judge. As a result, the law judge entered an order which precluded the appellant from presenting *any* defense to the appellee's claim. However, the appellant filed a motion to set aside the law judge's order, and the motion attached an affidavit by appellant's claims manager. At the hearing before the law judge the appellant's motion was denied, and appellant made a proffer of evidence it would have offered. In refusing to set aside his order and refusing to allow the appellant to assert a defense, the law judge stated, as set out in the majority opinion:

> [J]ust so I don't look like an absolute ogre about this, It's not just this case, and I've had some conversation with both respective counsel about this, there is a pattern of conduct that's been established by this particular carrier

with other cases, so hopefully this will be a sufficient attention-getter that this will not occur in the future.

I turn now to the opinion of the full Commission which affirmed the law judge's decision. That opinion states that after a *de novo* review of the entire record the Commission finds that the claimant has met his burden of proof by clear and convincing evidence (this being the standard of proof necessary to show that the claimant had sustained an occupational disease as he claimed). In order to be clear on the point of this dissent, I note that there was, of course, no evidence and no defense allowed by the appellant to the claimant's claim. The point of this dissent, however, is that the full Commission did not make a finding of fact on the law judge's refusal to allow a defense to be made by the appellant. The only reference to that point in the opinion of the Commission is as follows:

> On September 9, 1991, an administrative law judge mailed the respondent carrier a notice regarding the prehearing procedures to be followed. The notice stated that a party failing to complete the disclosures in a timely manner might be foreclosed from asserting claims and defenses. Several weeks later the carrier had not complied with the prehearing notice and on November 13, 1991, the administrative law judge noticed their failure to comply. The administrative law judge warned the respondent carrier that it would be precluded from presenting evidence to defend against the claim unless a response was filed within 15 days. The carrier acknowledged receipt of that letter but did not respond. *We find under the facts in this case that the administrative law judge correctly precluded the respondent carrier from asserting defenses based upon its failure to respond to the prehearing information filing.*

(Emphasis added.)

I submit that the opinion of the full Commission does not meet the requirement of the cases, cited above in this dissent, that the Commission must make findings of its own to support its decision and not merely find that the law judge acted correctly. In *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986), the Commission adopted the law judge's

opinion which stated "I believe it clear that the claimant has failed to prove by a preponderance of the evidence that she is entitled to additional benefits . . . ." 18 Ark. App. at 22, 709 S.W.2d at 109. This court reversed and remanded that case for the Commission to make "specific findings" upon which it relied to support its decision. We said:

> The Commission made no findings as to whether appellant sustained a compensable injury, or when the healing period ended if there was a compensable injury, or whether she was disabled at the time of hearing, and if so, what was the cause of the disability. We are simply unable to tell from the record upon what factual basis the claim was denied. Therefore, we are unable to tell whether or not the law was or was not properly applied by the Commission.

*Id.*

Here, the Commission's finding that the law judge "correctly precluded the respondent carrier from asserting defenses based upon its failure to respond to the prehearing information filing" does not, in my view, make a specific finding that allows us to determine "whether or not the law was or was not properly applied by the Commission." The majority opinion does not, in my view, touch that problem. It simply states that the Commission (and by inference, the law judge) has authority to "make such orders and impose such sanctions as are reasonably necessary" to investigate claims and provide speedy relief. However, the Commission did not find that the law judge correctly precluded the carrier in this case from asserting a defense because it would have hindered or unduly delayed the resolution of appellee's claim. The affidavit of appellant's claims manager states that a significant administrative change was made at its Little Rock office in September of 1991; that this caused some difficulty in establishing new operating procedures for processing claims; and that a processing mistake had apparently occurred in the handling of the claim in this case. Neither the law judge or the Commission even mentioned this point. Moreover, the affidavit stated that the appellant had filed a response to the prehearing order on December 9, 1991, which was prior to the hear-

ing on the merits on January 3, 1992. While this was not within the fifteen-day limit set by the law judge, the Commission made no mention of this fact and certainly did not hold that the failure to timely respond would have caused a delay in deciding the appellee's claim.

In *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992), the Arkansas Supreme Court cited our case of *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988), where we remanded to the Commission because it did not make specific findings that we could review. Our supreme court in *Cagle* said the Commission's language in that case was similar to that the Commission used in *Jones* in that it "does not detail or analyze the facts upon which it is based." 309 Ark. 369, 830 S.W.2d 859. Therefore, the supreme court ordered the case remanded for a new decision based upon specific findings.

While it is true that we will in an appropriate case affirm the Commission if its decision has the effect of adopting the findings and conclusions of the administrative law judge, *see Arkansas Department of Health* v. *Williams*, 43 Ark. App. 169, 180, 863 S.W.2d 583, 589 (1993), in the present case the law judge based his decision on his statement (previously quoted in this dissent) that "It's not just this case . . . there is a pattern of conduct that's been established by this particular carrier with other cases, so hopefully this will be a sufficient attention-getter that this will not occur in the future." Although, the majority opinion does not think this was "the basis of his order *per se*," there is no other statement of specific facts relied upon by the law judge for the imposition of his sanction barring the appellant from presenting a defense to the appellee's claim. Since we review the Commission's decision and not the law judge's decision, I think we should remand to the Commission for it to make specific factual findings to enable us to determine whether or not the law was or was not properly applied by the Commission. Especially is that true here where it seems clear, at least to me, that the law judge based his decisions upon some past — but not detailed or in evidence — conduct of the appellant.

The majority cites our case of *Loosey* v. *Osmose Wood Preserving Co.*, 23 Ark. App. 137, 744 S.W.2d 402 (1988), as author-

ity for its decision in the present case. That case, however, makes no point of the lack of specific findings, but to the contrary, the opinion states that "we cannot say the Commission's order is not supported by the record." 23 Ark. App. at 141, 744 S.W.2d at 404. Apparently, the record disclosed sufficient findings made by the Commission to enable us to determine that the Commission's decision was supported by the record. Even, if we were wrong — it does not give us license to be wrong again.

I dissent from the failure of the Court to remand this case to the Commission for specific findings which we can review on appeal.