George MAXWELL *v.* CARL BIERBAUM, INC., and Cigna

CA 94-401                                     893 S.W.2d 346

Court of Appeals of Arkansas
En Banc
Opinion delivered February 22, 1995

*Kenneth A. Harper*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

JOHN MAUZY PITTMAN, Judge. George Maxwell appeals from an order of the Arkansas Workers' Compensation Commission denying his claim for benefits sought in connection with his development of the tick-borne Lyme disease. Appellant contends that the Commission erred in finding that Lyme disease is not a compensable occupational disease and in finding that appellant had failed to prove by clear and convincing evidence a causal connection between his disease and his employment with appellee. We affirm.

██ In a workers' compensation case, the claimant has

the burden of proving that his claim is compensable. *Wolfe* v. *City of El Dorado*, 33 Ark. App. 25, 799 S.W.2d 812 (1990). As the appellant in this case concedes, where, as here, the condition involved is a disease as opposed to an accidental injury, the claim is compensable only if the disease is an "occupational" one as defined in our Workers' Compensation Act *and* the claimant proves by clear and convincing evidence a causal connection between the employment and the disease. *See* Ark. Code Ann. § 11-9-102(4), - 601(e) (1987); *Osmose Wood Preserving* v. *Jones*, 40 Ark. App. 190, 843 S.W.2d 875 (1992); *Arkansas Department of Correction* v. *Chance*, 271 Ark. 472, 609 S.W.2d 666 (Ark. App. 1980). Here, the Commission found against appellant as to both distinct requirements, ruling (1) that Lyme disease is not an occupational disease because it "is an ordinary disease of life to which all members of the public are exposed, regardless of their occupation"; and (2) that appellant "failed to prove by clear and convincing evidence a causal connection between his disease and his occupation." Therefore, if the evidence is sufficient to support a finding that either of the above requirements were not met, the denial of compensation must be affirmed. *See American Transportation Corporation* v. *Director*, 39 Ark. App. 104, 840 S.W.2d 198 (1992). Because we conclude that the Commission's second finding is supported by substantial evidence, we will first address appellant's argument as to it.

As stated, the claimant in an occupational disease case has the burden of proving by clear and convincing evidence a causal connection between his employment and his disease. Clear and convincing evidence is a higher burden of proof than a mere preponderance. Clear and convincing evidence has been defined as proof so clear, direct, weighty, and convincing as to enable the fact finder to come to a clear conviction, without hesitation, of the matter asserted, *Ross* v. *Moore*, 25 Ark. App. 325, 758 S.W.2d 423 (1988); it is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *ALCOA* v. *Vann*, 14 Ark. App. 223, 686 S.W.2d 812 (1985). It is well settled that the credibility of witnesses and the weight to be given to their testimony are matters solely within the province of the Commission. *Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989).

Where the sufficiency of the evidence is challenged

on appeal, the issue is not whether the evidence would support findings contrary to those made by the Commission or whether we would have reached a different result had we been the triers of fact. *Ringier America* v. *Combs*, 41 Ark. App. 47, 849 S.W.2d 1 (1993). Rather, this court views the evidence and all inferences deducible therefrom in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *Harrington Construction Co.* v. *Williams*, 45 Ark. App. 126, 872 S.W.2d 426 (1994). Where the Commission has denied a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Johnson* v. *Riceland Foods*, 47 Ark. App. 71, 884 S.W.2d 626 (1994); *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

■ Here, the record indicates that appellant was employed as a logger and mechanic for appellee for about three years. His last day of employment with appellee was August 28, 1989. In September of that year, appellant was diagnosed as having Lyme disease. Appellant maintained that his Lyme disease resulted from a tick bite he suffered in late August 1989. He and his wife testified that, after appellant returned home from working in the woods one day, his wife removed a tick from his buttock. They testified that the area soon became hard and that a circular rash developed. Over the next several weeks, appellant began to suffer weakness, headaches, joint pain, and a low grade fever. Appellant first sought medical treatment for the rash on September 5, 1989. Eventually, he was diagnosed with and treated for Lyme disease.

Around the time period in which appellant contends he contracted the disease, he was working six days a week, twelve to fourteen hours a day. Ten to twelve of those daily hours would be spent in the woods cutting timber. However, there was also evidence that appellant lived in a rural area, with woods nearby his residence. Appellant's yard had to be sprayed with insecticide every week. Appellant's family also maintained a garden on their property. Additionally, appellant owned two "yard dogs," which had to be dipped for fleas and ticks twice a week.

In finding that appellant had failed in his burden of proving the required causal connection to his employment by clear and convincing evidence, the Commission noted the likelihood that appellant was exposed to the infecting tick other than at work. In this regard, the Commission specifically pointed to the rural location of appellant's home and the fact that his yard and dogs were so susceptible to the presence of ticks. From our review of the record in this case, we cannot conclude that this aspect of the Commission's opinion does not display a substantial basis for the denial of relief.

In light of our conclusion on this point, we need not consider appellant's argument that the Commission employed the wrong test in determining whether Lyme disease is an "occupational" one under the Act.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I believe that the Commission erred in concluding that Lyme disease is not a compensable occupational disease. In so concluding, the Commission stated that "[c]ommon sense tells you that ticks are found virtually everywhere," and on this basis reasoned that Lyme disease was merely an ordinary disease of life to which everyone is exposed. This was wrong for several reasons.

First, the Commission resorted to sheer speculation in concluding that the ticks which carry Lyme disease are found everywhere. In fact, it appears that the ticks require certain habitation features and are therefore restricted to specific geographic ranges within the United States. *Lyme Disease*, 22 ALR 5th 246, 251 (1994). Cases from other jurisdictions involving the compensability of Lyme disease under workers' compensation statutes have discussed evidence relating to the existence of ticks within the relevant region. *See, e.g., Montgomery v. Industrial Commission*, 173 Ariz. 106, 840 P.2d 282 (1992). In the case at bar, however, the Commission's conclusion was based not on any evidence of the ticks' range but instead upon "common sense." Although it is undoubtedly true that we will defer to the Commission's experience and knowledge when employed to make a finding based on the evidence before it, the Commission's exper-

tise is not evidence and cannot be substituted for evidence. *Lunsford* v. *Rich Mountain Electric Coop.*, 38 Ark. App. 188, 832 S.W.2d 291 (1992). Whether the Commission's supposition regarding the range of ticks was truly common sense or was instead mere speculation, it was clearly not evidence and should not be permitted to pass as such.

Second, the Commission's opinion implied that Lyme disease could not be an occupational disease because it was not limited to workers in a single occupation. This, however, is contrary to our prior holdings. In *Sanyo Mfg. Corp.* v. *Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984), we held that the fact that the general public may contract the disease is not controlling, and stated that the test of compensability is whether the nature of the employment exposes the worker to a greater risk of the disease than the risk experienced by the general public or by workers in other employments. Thus, although histoplasmosis is a disease to which the public at large is susceptible, it has been held to be an occupational disease for persons working in the vicinity of poultry houses. *Osmose Wood Preserving* v. *Jones*, 40 Ark. App. 190, 843 S.W.2d 875 (1992). I submit that no reasoned distinction can be drawn between Lyme disease and histoplasmosis so as to require that these diseases, one borne by ticks and the other by poultry, should be treated differently under the occupational disease statute.

Finally, I disagree with the majority's affirmance on the ground that the Commission found that the appellant was exposed to the infecting tick other than at work. In fact, the Commission made no such finding, but instead merely stated that:

> However, testimony was offered that claimant had a yard that had to be sprayed for ticks on a weekly basis, was exposed to two dogs that had to be dipped for fleas and ticks twice a week and lived in a rural community.

The problem with the Commission's observation is that it is not a finding of fact, but merely a statement regarding what testimony was offered. Instead, a finding of fact is "a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so." *The Green House* v. *Arkansas*

*Alcoholic Beverage Control*, 29 Ark. App. 229, 780 S.W.2d 347 (1989).

I respectfully dissent.

MAYFIELD, J., joins in this dissent.