Wayne JOHNSON *v.* TRIPLE T FOODS

CA 95-1271                                      929 S.W.2d 730

Court of Appeals of Arkansas
Division III
Opinion delivered October 16, 1996
[Petition for rehearing denied November 13, 1996.]

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

No response.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's order affirming and adopting the ad-

ministrative law judge's decision. The ALJ found that appellant's claim should be dismissed with prejudice because there had been no showing of any unresolved issues which would have required a determination by the Commission. The ALJ also imposed a sanction upon appellant for filing a non-meritorious claim. On appeal, appellant argues that the Commission abused its discretion in dismissing his claim with prejudice and imposing a sanction of $500. We disagree and affirm.

On February 22, 1993, appellant filed a claim for compensation for an injury that arose in November of 1992. Appellant requested a hearing, and a prehearing conference was scheduled for April 20, 1993. On April 19, 1993, the ALJ advised the parties that appellant had requested that the prehearing conference be canceled because he was receiving, or had received, all benefits that he was entitled to receive. On June 28, 1993, the Commission received a letter from appellee asking that the claim be dismissed for lack of prosecution. In response, the ALJ dismissed the claim without prejudice. Appellant appealed the ALJ's dismissal to the Commission. The Commission dismissed appellant's appeal because the Commission determined that the ALJ's decision was not an appealable order. In its decision of March 23, 1994, the Commission also noted:

> [T]he fact that the filing of a claim tolls the statute of limitations does not, in itself, justify the filing of claims where no justiciable controversy exists or justify allowing claims to remain open where all justiciable controversies have been resolved. To do so would be contrary to the purposes underlying the statute of limitations.

> With regard to the suggestion of the claimant's attorney that he will refile a claim even though no controversy exists, we point out that costs may be imposed against a party who institutes a claim without reasonable grounds. Ark. Code Ann. § 11-9-714 (1987). Furthermore, this Commission can impose sanctions against any attorney who files a claim without reasonable grounds to do so, including the imposition of the reasonable costs incurred by the other party as a result of the filing of the claim. Ark. Code Ann. § 11-9-717 (Supp. 1993). Certainly, a claimant has every right to refile a claim where some meritorious controversy exists which creates the need for adjudication by the Commission. However, a

claimant may not summarily refile a claim merely because an administrative law judge dismisses a claim under either Ark. Code Ann. § 11-9-702(a)(4) (1987) or Commission Rule 13.

Prior to this decision rendered by the Commission, appellant had refiled the claim on October 22, 1993. In July 1994, appellee again filed a motion to dismiss because appellant's refiled claim remained inactive and no hearing had been requested. On July 20, 1994, the ALJ dismissed appellant's claim without prejudice for want of prosecution. Appellant appealed this decision to the Commission, and appellee filed a motion to dismiss with the Commission. On January 11, 1995, the Commission denied appellee's motion and determined that the ALJ correctly determined that appellant's claim should be dismissed for want of prosecution. However, the Commission found that the claim should have been dismissed with prejudice and that costs should have been assessed against appellant's attorney unless cause could be shown indicating that the Commission's suggested actions should not be taken. Consequently, the Commission remanded the case so that a hearing could be held to allow appellant an opportunity to show cause why the claim should not be dismissed with prejudice and why costs should not be assessed.

By agreement of the parties, no hearing was requested and the matter was submitted to the ALJ on stipulations, interrogatories and briefs. The ALJ found that appellant had been aware of the Commission's opinion of March 23, 1994, when he filed his notice of appeal of the ALJ's July 20, 1994, order of dismissal. Therefore, the ALJ determined that appellant's claim should be dismissed with prejudice because there was no showing of any unresolved issues which would require a determination by the Commission, and that sanctions would be imposed upon appellant's attorney for filing a non-meritorious claim and its appeal. The ALJ concluded that any benefits which appellant had been awarded or was receiving which had not been controverted by appellee would not be interrupted or terminated as a result of the dismissal with prejudice of the October 22, 1994, claim. The Commission affirmed and adopted the ALJ's decision, and this appeal followed.

On appeal, appellant argues that the Commission did not have the authority to dismiss his claim with prejudice. Appellant cites to Ark. Code Ann. § 11-9-702(a)(4) in support of his argument.

Arkansas Code Annotated § 11-9-702(a)(4) provides:

> If, within six (6) months after the filing of a claim for compensation, no bona fide request for a hearing has been made with respect to the claim, the claim *may*, upon motion and after hearing, be dismissed without prejudice to the refiling of the claim within limitations periods specified in subdivisions (a)(1)-(3) of this section. (emphasis added)

We do not find appellant's argument or citation of authority persuasive. The Commission has the authority, under Ark. Code Ann. § 11-9-205(a)(1)(A) (Repl. 1996), to make such rules and regulations as may be found necessary. Under this authority, the Commission has promulgated its Rule 13, which provides that if a party requests that a claim be dismissed for want of prosecution, the Commission may dismiss the claim. In *Loosey* v. *Osmose Wood Preserving Co.*, 23 Ark. App. 137, 744 S.W.2d 402 (1988), we addressed the issue of whether the Commission had the authority to dismiss a claim with prejudice and determined that there was substantial evidence in that case to support the Commission's dismissal with prejudice.

In this case, the record is clear that appellant filed a claim when no justiciable issue was present. It was conceded by the parties that appellant was receiving all benefits to which he was entitled. In addition, appellant was aware and given an opportunity to show cause why his claim should not be dismissed with prejudice. Appellant specifically did not request a hearing. The record also indicates that appellant's attorney intended to ignore the Commission's decisions. In a letter to the ALJ dated July 27, 1994, appellant's attorney wrote:

> Finally, I have always maintained that merely because a claimant is "receiving all benefits he is entitled to receive" that this should not prohibit him from filing a claim. ... I have been threatened in this and other cases with costs if I file additional proceedings after the case is dismissed. I am simply indicating to you at this time that I shall not be intimidated by the Commission threatening me with costs, and if this case is dismissed again, I will again file a new AR-C form.

It is clear from this letter that appellant's attorney filed the second claim despite the Commission's decision.

We note that the Commission found in its January 11, 1995, decision that:

> By his own admission, Mr. Tolley filed these claims and instituted proceedings before this Commission even though the claimant did not seek any additional compensation. We find that he instituted or continued proceedings before this Commission without reasonable grounds to do so. By challenging the dismissal of this claim, Mr. Tolley, on behalf of the claimant, has deliberately and brazenly disregarded the previous decision of this Commission, and he has expressed his intent to continue to do so in the future.

After reviewing the record, we cannot say that the Commission exceeded its authority in dismissing appellant's claim with prejudice or that there is no substantial evidence to support the Commission's factual determinations.

Appellant also argues that the Commission abused its discretion in imposing costs against appellant's attorney. We disagree.

Under Ark. Code Ann. § 11-9-717 (Repl. 1996), an attorney who signs a claim certifies that to the best of his knowledge the claim is well grounded in fact and is not "interposed for any improper purpose or to cause unnecessary delay or needless increase in the cost of litigation." If a claim is signed in violation of Ark. Code Ann. § 11-9-717, the Commission or ALJ "shall impose an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of a claim." Ark. Code Ann. § 11-9-717(a)(4) (Repl. 1996). As noted above, appellant's attorney was aware of the Commission's decision of March 23, 1994, and still expressed in his letter on July 27, 1994, that he would file another claim despite the fact that the claim was dismissed by the Commission. Appellant's attorney also acknowledged that appellant was receiving all the benefits to which he was entitled. Therefore, it is clear from the record that appellant's attorney filed a claim that was not grounded in fact. We are not unmindful of the concerns that appellant's attorney expressed involving the claimant's possible denial of medical treatment if the doctor were informed that there was no ongoing claim because the case had been dismissed. The duty to provide medical coverage in appropriate cases, however, is clear under Ark. Code Ann. § 11-9-508 (Repl. 1996). We also realize that a claimant

must receive treatment on a yearly basis to toll the statute of limitations. However, neither of these perceived problems will be remedied by making the Commission's docket more unwieldy.

■ We think it clear that the specific authority to investigate claims granted to the Commission carries also the authority to make such orders and impose such sanctions as are reasonably necessary to carry out that purpose. *Harrington Constr. Co.* v. *Williams*, 45 Ark. App. 126, 872 S.W.2d 426 (1994). Consequently, we cannot say that the Commission abused its discretion in imposing a sanction of $500 against appellant's attorney.

Affirmed.

Jennings, C.J., and Robbins, J., agree.