Jimmy GREEN *v*. COCA-COLA BOTTLING COMPANY

96-1059                                                948 S.W.2d 92

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*Searcy Wood Harrell*, for appellant.

*Michael J. Dennis*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a workers' compensation case that we initially agreed to review upon Coca-Cola Bottling Company's petition. Upon further examination, we conclude that the petition for review was improvidently granted. Accordingly, the petition is denied, and the Court of Appeal's decision in *Green v. Coca-Cola Bottling Co.*, CA95-1117 (Ark. Ct. App. Aug. 21, 1996), remains the binding ruling in this case.

The underlying facts of this case are undisputed because the parties presented the case to the Workers' Compensation Commission on a stipulated record. On July 1, 1992, Jimmy Green sustained a compensable injury while working for the Coca-Cola Bottling Company ("Coca-Cola"). On March 23, 1993, Green traveled to his doctor's office in Pine Bluff for an appointment regarding his earlier injury. When Green was approximately eight miles outside of Pine Bluff, he observed an elderly woman experiencing car trouble on the side of the highway. Because Green was early for his appointment, he decided to turn around in a

private driveway so that he could assist the stranded motorist. While attempting to turn into the driveway, Green was struck from behind and injured.

■ Green applied for workers' compensation benefits for the injuries he sustained while traveling to the doctor's office. The Workers' Compensation Commission applied the "quasi-course of employment" doctrine, which the Court of Appeals has previously adopted and summarized as follows:

> activities undertaken by the employee following upon his or her injury which, although they take place outside the time and space limits of the employment, and would not be considered employment activities for usual purposes, are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury.

*Preway, Inc. v. Davis*, 22 Ark. App. 132, 736 S.W.2d 21 (1987); *Wolfe v. City of El Dorado*, 33 Ark. App. 25, 799 S.W.2d 812 (1990); *Eagle Safe Corp. v. Egan*, 39 Ark. App. 79, 842 S.W.2d 438 (1992) (citing ARTHUR LARSON & LEX L. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 13.11(d) (1997)). The Commission found that Green's journey to the doctor's office fell under the "quasi-course of employment" doctrine because the trip was a reasonable and necessary activity relating to the prior compensable injury. The Commission, however, concluded that Green deviated from his otherwise compensable journey when he attempted to assist the stranded motorist. Because Green's deviation did not advance the employer's interest and was not causally related to a risk reasonably incident to the employment, the Commission held that Green's injuries were not compensable.

■ On appeal, the Court of Appeals agreed with the Commission that Green's journey to the doctor's office fell under the "quasi-course of employment" doctrine. However, the Court of Appeals applied a different standard from that used by the Commission to determine whether Green's attempt to assist the stranded motorist was an impermissible deviation from an otherwise compensable journey. Specifically, the Court of Appeals applied Larson's "prohibited-conduct" test which declares that:

> When the injury following the initial compensable injury arises out of a quasi-course activity, such as a trip to the doctor's office, the chain of causation should not be deemed broken by mere negligence in the performance of the activity, but only by intentional conduct which may be regarded as expressly or impliedly prohibited by the employer.

*Id.* (citing LARSON, *supra*, § 13.11(d)). Because there was no proof that Green's attempt to assist the stranded motorist was prohibited by Coca-Cola, the Court of Appeals held that Green's injuries were compensable. Accordingly, the Court of Appeals reversed the Commission's ruling and remanded the case for further proceedings.

We granted Coca-Cola's petition for review pursuant to Ark. Sup. Ct. R. 1-2(e) (as amended by *per curiam* July 15, 1996). In their briefs and during oral arguments, both Coca-Cola and Green assume that the "quasi-course of employment" doctrine is the appropriate standard to apply in this case. Although the Court of Appeals has previously recognized this doctrine, this court has never adopted Larson's "quasi-course of employment" doctrine nor have we been asked to do so in this case.

Moreover, we have never determined the appropriate test for ascertaining whether a claimant has deviated from a "quasi-course of employment" journey. Although the parties have offered no guidance in this area, our research reveals that courts have applied a variety of tests to resolve the deviation inquiry. In this case, the Court of Appeals applied Larson's prohibited- conduct test. Other jurisdictions, however, have focused upon the temporal and geographic extent of the deviation. Cheryl M. Bailey, *Workers Compensation: Compensability of Injuries Incurred Traveling To or From Medical Treatment of Earlier Compensable Injuries*, 83 A.L.R.4th 110, § 14 (1991). Some courts have applied the "positional risk doctrine" which states that the injury is compensable if the conditions of employment place the claimant in a position which requires him by ordinary standards of humanity to undertake the rescue. *D.L. Cullifer & Son, Inc. v. Martinez*, 572 So.2d 1360 (Fla. 1990); LARSON, *supra*, § 28.00. Other courts have focused on whether the deviation is insubstantial, and whether the "good-samaritan"

act promoted good will toward the claimant's employer. *Bunny Bread et al. v. Shipman*, 267 Ark. 927, 591 S.W.2d 692 (1980); LARSON, *supra*, §§ 19.00 and 27.22.

In sum, there are several ways to analyze the fact pattern presented by this case. The parties, however, have failed to argue which standard should be adopted by this court. We are hesitant to resolve such an important issue of first impression without a specific request to do so and without adequate legal argument upon which to base our decision.

■ For these reasons, we find that the petition for review was improvidently granted. Accordingly, we decline Coca-Cola's request to review the decision of the Court of Appeals in *Green v. Coca-Cola Bottling Co.*, CA95-1117 (Ark. Ct. App. Aug. 21, 1996). *See Hamilton v. Jeffrey Stone, Co.*, 297 Ark. 24, 759 S.W.2d 792 (1988) (refusing to review a decision from the Court of Appeals after the petition was initially granted by this court).

Review denied.

BROWN, J., dissents.

BROWN, J., dissenting. I dissent and would address the issue of substantial evidence.