Everette J. BROWN *v.* ALABAMA ELECTRIC COMPANY
and Wausau Insurance Company

98-148                                                        970 S.W.2d 807

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*The Cortinez Law Firm, P.L.L.C.,* by: *Bob Cortinez,* for appellant.

*Kilpatrick, Aud & Willaims, L.L.P.,* by: *A. Gene Williams,* for appellees.

RAY THORNTON, Justice. Appellant Everett J. Brown appeals from the decision of the Workers' Compensation Commission denying him benefits for his injuries that resulted from a work-related accident. We initially granted Brown's petition for review of the court of appeals' decision affirming the Commission. Upon further examination of Brown's argument on review, we have determined that review was improvidently granted.

Brown was injured on July 12, 1994, when the truck that he was driving for appellee Alabama Electric Company left the road during a severe rainstorm and struck a tree. Brown sustained a fractured right femur in the accident. A urinalysis revealed the presence of marijuana metabolites in the specimen, and when Brown filed a workers' compensation claim for loss of earning during his period of impairment and hospital and medical bills,

appellees Alabama Electric and Wausau Insurance Company denied benefits.

At a hearing before an administrative law judge (ALJ), Brown testified that he had not smoked marijuana after July 1, keeping a wedding promise to his wife. Two medical experts, Dr. H.H. Miller, PhD., a pharmacologist and director of toxicology for the laboratory that tested the specimen, and Dr. Henry F. Simmons, Jr., a toxicologist and medical doctor retained by Brown, agreed that the presence of marijuana metabolites in the urine did not prove or disprove the presence of marijuana in the system at the time of the accident, and that the laboratory test of the urine specimen could not reveal the last time that Brown had used marijuana.

The ALJ found that Brown had proved that he sustained his injury arising out of and in the course of his employment, and he awarded benefits to Brown. On appeal to the full Commission, the Commission determined that Brown had not met his burden of overcoming the statutory presumption that his injury was substantially caused by his use of illegal drugs. In a two-to-one decision, the Commission found that the presence of marijuana metabolites was sufficient to allow it to begin with the "assumption" that the accident was substantially caused by an illegal drug, and denied benefits to Brown.

Brown appealed to the Arkansas Court of Appeals, and a six-member panel of the court reviewed the case. Two members affirmed the Commission's decision on the merits, while two members concurred with the result because the issues of the interpretation and constitutional validity of the statute were not properly raised before the Commission. One member of the court reached the merits and dissented, and another member concurred for other reasons. The plurality decision of the court of appeals affirmed the Commission's decision.

We granted Brown's petition for review. However, we have concluded that the abstract of the proceedings before the Commission does not show that the important issues of statutory construction or constitutional validity were ever presented to the Commission for its determination. Accordingly, we find that the

petition for review was improvidently granted. The court of appeals' decision in *Brown v. Alabama Electric Company*, 60 Ark. App. 138, 959 S.W.2d 753 (1998), remains the binding rule in this case.

Review denied.

CORBIN, J., not participating.