SLIP OPINION

Cite as 2014 Ark. 431

# SUPREME COURT OF ARKANSAS

No. CV–14–391

| | |
|---|---|
| JEFFERSON COUNTY ELECTION COMMISSION; TED DAVIS; STU SOFFER; CYNTHIA SIMS; WILL FOX; PATRICIA JOHNSON<br><br>APPELLANTS<br><br>V.<br><br>DEBORAH "DEBE" HOLLINGSWORTH<br>APPELLEE | **Opinion Delivered** OCTOBER 23, 2014<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CV-2014-133-5]<br><br>HONORABLE TED CAPEHEART, JUDGE<br><br><u>APPEAL DISMISSED</u>. |

**DONALD L. CORBIN, Associate Justice**

This is an appeal from an order of the Jefferson County Circuit Court granting Appellee Deborah "Debe" Hollingsworth's request for a petition for writ of mandamus.[1] Appellants are the Jefferson County Election Commission (Commission); Ted Davis, individually and in his official capacity as chairman of the Jefferson County Election Commission; Stu Stoffer and Cynthia Sims, in their official capacities as Jefferson County Election Commissioners; Will Fox, in his official capacity with the Jefferson County Election Commission; and Patricia Johnson, in her official capacity as Jefferson County Clerk

---

[1]Although the circuit court's order is styled as "Writ of Mandamus and Prohibition," this court has explained that "[a] writ of prohibition may only be directed to a court or adjudicative committee that is proceeding wholly without jurisdiction; it cannot be directed, as a writ of mandamus can, to a ministerial officer." *State v. Craighead Cnty. Bd. of Election Comm'rs*, 300 Ark. 405, 411, 779 S.W.2d 169, 172 (1989).

SLIP OPINION

(collectively "Appellants").[2]  For reversal, they argue that the circuit court erred in (1) denying their motion to dismiss Appellee's complaint because the complaint failed to state a cause of action for which relief could be granted; (2) denying their motion to dismiss because the complaint failed to state facts upon which relief could be granted; and (3) its construction of Arkansas Code Annotated section 14–37-113.  Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(4) (2014).  Because the appeal is moot, we dismiss it.

The present case dates back to a dispute that arose in 2012 regarding the length of term for municipal offices in the city of Pine Bluff.  A mayoral election was scheduled to appear on the November 2012 ballot.  Prior to that election, Redus, who was then the mayor of Pine Bluff, filed an action in the Jefferson County Circuit Court requesting a declaration of when the next mayoral election should be held and requesting a writ of mandamus to prohibit the county clerk from counting any votes in the 2012 mayoral election or certifying the winner. The circuit court entered an order on October 5, 2012, finding that the Pine Bluff mayoral election was properly scheduled for November 2012 and denying Redus's motion for a writ of mandamus.  No appeal was taken from that order.

---

[2]Appellee's complaint also named as defendants Carl A. Redus, Jr., former Pine Bluff mayor; Lloyd Franklin, Sr., who sought the Democratic party nomination for office of Pine Bluff City Treasurer; and Loretta Whitfield, the current Pine Bluff City Clerk who was elected to a four-year term but filed for the Democratic nomination for that same office. None of these parties appealed the circuit court's order and, thus, are not parties to the instant appeal.  The only notice of appeal filed in this case was filed on behalf of the above-listed Appellants, identified as the "Jefferson County Defendants" in that notice of appeal.

The election took place as scheduled in November 2012, and Hollingsworth defeated Redus in the mayoral election. On December 3, 2012, the Pine Bluff City Council passed a resolution stating in relevant part as follows:

> Section 1. That the party committees of the recognized political parties under the laws of the State of Arkansas which are operating in Jefferson County, Arkansas, are hereby requested to conduct primary elections for the municipal officers of the City of Pine Bluff, Arkansas, beginning in 2014 and for all subsequent municipal elections.

City of Pine Bluff, Ark., City Council Res. No. 3551, § 1 (Dec. 3, 2012). Nevertheless, Hollingsworth took office on January 1, 2013, and her oath of office stated that her term began in 2013 and ends in 2016.

Prior to the filing deadline for the 2014 primary elections, Redus filed as an unopposed Democratic candidate for the office of Pine Bluff mayor. Franklin filed as a Democratic candidate for city treasurer, and Whitfield, the current city clerk who was elected in 2012, filed as a Democratic candidate for the city clerk position.

Thereafter, on March 25, 2014, Hollingsworth filed a complaint seeking injunctive relief, issuance of a preliminary/permanent injunction, writ of mandamus/prohibition, declaratory judgment, and attorney's fees. Specifically, she asked for injunctive relief mandating that any plans for a mayoral election be nullified and cancelled. She requested a writ of mandamus/prohibition directing the Commission "to take necessary and appropriate action to nullify and cancel the scheduling" of elections for the offices of mayor, city clerk, and city treasurer until 2016. Finally, she requested a declaratory judgment that she was

elected to a four-year term expiring on December 31, 2016, and where no vacancy existed, the Commission could not lawfully schedule elections for any city offices.

Appellants filed a motion to dismiss Appellee's complaint on April 3, 2014. In that motion, Appellants claimed that Appellee had failed to plead facts sufficient to state a cause of action, failed to state facts that showed a clear right to the requested relief, and failed to include necessary parties.

The circuit court held a hearing that same day. At the conclusion of the hearing, the circuit court announced from the bench that the October 5, 2012 circuit-court order finding that the municipal elections were to be held every four years was res judicata. The circuit court further announced that Appellee was "entitled to a writ of prohibition prohibiting the election, declaring that it's a four-year term for the mayor."

Following its oral ruling, the circuit court entered a written order on April 21, 2014, granting a "Writ of Mandamus and Prohibition." Therein, the court stated that the Commission's plans to conduct a May 2014 primary election and a November 2014 general election for the Pine Bluff municipal offices of mayor, treasurer, and city clerk were null and void. The court ordered the Commission to cancel any such arrangements, desist from future action to call for or conduct said elections, and refrain from the counting of any votes cast in such elections.

Appellants filed a timely notice of appeal and also filed a motion requesting that the circuit court's order be stayed pending their appeal of the court's decision. The circuit court entered an order on May 5, 2014, denying the motion for stay. That same day, Appellants

lodged the record with our court and filed an emergency petition for a stay pending appeal and a motion to expedite consideration of the stay motion. This court granted the motion for expedited consideration but denied Appellants' request for a stay pending appeal. Briefing commenced, and the case is now submitted for our consideration.

As a threshold matter, this court must determine whether the instant appeal is moot. As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *See Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006). Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id*. We have, however, recognized two exceptions to the mootness doctrine. *Id*. The first exception involves issues that are capable of repetition, yet evade review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id*.

Here, the instant litigation began when Appellee, the current mayor, filed a complaint seeking a declaratory judgment that she holds the office of mayor through 2016, and a writ of mandamus to prohibit Appellants from taking any actions with regard to municipal elections in either the primary or general elections in 2014. The circuit court found in her favor, but its written order was limited to granting the requested relief of a writ of mandamus that prohibited election officials from conducting any elections for the municipal offices of mayor, treasurer, and city clerk and directing those officials to not count or certify any votes that may be cast for those offices. After the circuit court entered its order, Appellants filed a

motion requesting the court to stay its order. The circuit court denied the motion. Appellants then filed a motion for stay with this court and requested expedited consideration of their motion. This court granted the motion to expedite but denied the motion for stay. Thus, at the time of the May primary, the circuit court's order prohibiting Appellants from holding the municipal elections and directing them to not count votes or certify winners in such races was in effect. We take judicial notice of the primary-election results, as reported by the Arkansas Secretary of State following the May 20, 2014 primary election, which show that no candidate was certified as the winner of any of those three municipal offices. Moreover, the three Democratic candidates who filed for the municipal offices did not file an appeal of the circuit court's order in this case. Thus, any review of this appeal as it relates to the May 20, 2014 primary election is necessarily moot.

Next, we must decide whether a decision by this court could have any practical legal effect with regard to the impending November 4, 2014 election. The answer is no. Arkansas Code Annotated section 7-5-203 governs certification of candidate lists and provides in relevant part as follows:

> (b)(1) Not less than seventy-five (75) days before each general election day, the clerk of each county shall certify to the county board of his or her county a full list of all candidates to be voted for in the county as the nominations have been certified or otherwise properly submitted to him or her.

Ark. Code Ann. § 7-5-203(b)(1) (Repl. 2011). Moreover, Arkansas Code Annotated section 7-5-207, the statute outlining certain ballot procedures, provides in relevant part as follows:

> (a)(1) Except as provided in subdivisions (a)(2) and (3) of this section, all election ballots provided by the county board of election commissioners of any county

in this state for any election shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the county board and shall not contain the name of any candidate or person who has not been certified.

Ark. Code Ann. § 7-5-207(a)(1) (Supp. 2013). Again, taking judicial notice of the ballot as prepared and certified by the Jefferson County Election Commission, it reveals that no candidates have been certified and listed on the ballot for these three municipal offices. Thus, the circuit court's order prohibiting Appellants from holding elections in November 2014 is also moot.

Before leaving this point, it is necessary to determine whether either of the exceptions to the mootness doctrine applies: issues that are capable of repetition, yet evade review, or issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. The only way one of these exceptions would apply is if the circuit court had granted Appellee's requested declaratory relief. Although the circuit court announced from the bench that the mayoral term was for four years, there was nothing in the written order to reflect this ruling. The written ruling most certainly did not declare that Appellee was entitled to hold the office through 2016.

This court has made clear that an oral order announced from the bench does not become effective until reduced to writing and filed in accordance with the requirements of Arkansas Supreme Court Administrative Order No. 2(b)(2). *McGhee v. Ark. State Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006) (refusing to address the constitutionality of the Check-cashers Act where no written order was entered following the

circuit court's ruling from the bench that the Act was unconstitutional). This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. *See Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000). If a circuit court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. *McGhee*, 368 Ark. 60, 243 S.W.3d 278. Simply put, the written order controls. Accordingly, in the absence of a written ruling, there is nothing for this court to review with regard to the declaratory-judgment issue that might fall within one of the exceptions to the mootness doctrine.

Appeal dismissed.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellant.

*Gibson Law Office*, by: *Charles Sidney Gibson* and *Charles Sidney Gibson II*, for appellee.