
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-744

| | |
|---|---|
| RALPH CRENSHAW AND DONNA CRENSHAW<br><br>APPELLANTS<br><br>V.<br><br>RILEY VERNON MCFALLS AND LINDA SUE MCFALLS, each in his and her representative capacity as a trustee of the RILEY VERNON MCFALLS REVOCABLE TRUST and the LINDA SUE MCFALLS REVOCABLE TRUST<br>APPELLEES | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO.CV-13-419]<br><br>HONORABLE THOMAS MORGAN HUGHES, JUDGE<br><br>DIRECT APPEAL DISMISSED; REVERSED AND REMANDED ON CROSS-APPEAL |

## WAYMOND M. BROWN, Judge

Ralph Crenshaw and Donna Crenshaw (the Crenshaws) appeal from the circuit court's order granting them attorney's fees of $1,500 despite petitioning the court for $18,375.[1] On appeal, the Crenshaws argue that the circuit court erred in reducing their request for attorney's fees without explanation or analysis under the *Chrisco* factors.[2] Riley

---

[1] In the circuit court's February 19, 2014 order, it authorized the Crenshaws to petition the court for attorney's fees. In an order dated March 11, 2014, the circuit court entered an order granting the Crenshaws a reduced amount in attorney's fees. The Crenshaws filed a motion for reconsideration and motion requesting the court to make findings of fact and conclusions of law. The court neither granted nor denied the motion and the same was deemed denied by operation of law on the thirtieth day. The Crenshaws's notice of appeal states that it is appealing from the February 19, 2014 order and the deemed denial of their motion for reconsideration.

[2] *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

SLIP OPINION

Vernon McFalls and Linda Sue McFalls (the McFallses) cross-appeal, arguing that the circuit court erred in rendering a judgment against them individually when the Crenshaws sued them in their representative capacities as trustees of the Riley Vernon McFalls Revocable Trust and the Linda Sue McFalls Revocable Trust.[3] We dismiss on direct appeal and reverse and remand on cross-appeal.

In September 2013, the Crenshaws entered into a contract for the sale of their residence in White County, Arkansas, to their neighbors, the McFallses.[4] Two days before the scheduled closing of the transaction, the McFallses rescinded acceptance of the contract and backed out of the purchase. The Crenshaws filed suit for specific performance on November 12, 2013. The McFallses answered in their response to the complaint filed on December 5, 2013, in which they denied subject-matter jurisdiction and proper venue.[5] The Crenshaws filed a motion for summary judgment and supporting brief on December 12, 2013, to which the McFallses responded on December 31, 2013, and which the court denied in an order entered on January 10, 2014.

---

[3]There is no evidence in the record that either trust exists.

[4]We note that the McFallses paid the $5,000 necessitated by the contract from their personal account. Of further note is the way the McFallses signed the contract. Purporting to sign the contract in their representative capacities, the McFallses signed the real estate contract as "Riley Vernon McFalls[,] Trust" and "Sue McFalls[,] Trust." We question whether such manner of signing was sufficient to invoke their representative capacity, especially when payment came from their personal accounts. However, no further discussion is provided as this argument is not before this court.

[5]The McFallses filed no motion and made no further argument regarding subject-matter jurisdiction or venue.

SLIP OPINION

A bench trial was held on January 27, 2014, at the opening of which the McFallses conceded liability. Accordingly, the trial proceeded on damages only. At the close of the trial, the circuit court found in favor of the Crenshaws and awarded damages of $22,573.40 plus costs and attorney's fees, which was reduced to a final judgment filed on February 19, 2014. Shortly before the proceeding ended, after the circuit announced its decision on damages, the McFallses' attorney made the following statement:

> The only concern or question that I have is that plaintiffs sued the defendants in their individual names and in the name of their revocable trust. There was no evidence established that there is a trust. There was nothing admitted that there was a trust. So I would ask that any judgment simply be applied towards the defendants in their individual capacity.

The Crenshaws' attorney responded that the McFallses were "clearly named in their capacities as trustees," "were served as such," and that there was "no indication on any of the pleadings that [the McFallses] were sued in their individual capacities." The circuit court granted both parties ten days to submit briefs on "whether there's enough testimony or evidence to substantiate a judgment against the trust." Accordingly, it stated from the bench that the judgment was against the McFallses as individuals.

Pursuant to the court's request, the Crenshaws filed a brief in support of their position regarding the real parties in interest on January 31, 2014. Therein, the Crenshaws reiterated their argument that the McFallses were not sued in their individual capacities and argued further that the McFallses had made no argument prior to the close of evidence that the McFallses were improperly named. Accordingly, the Crenshaws sought the judgment to be made against the McFallses in their representative capacities.

3

The McFallses filed a brief in support of their position on February 5, 2014, asserting that there was no evidence before the court that either of the named trusts existed or that either trust was created in, or was a resident of, the State of Arkansas. The McFallses thereby asserted that the circuit court had no personal jurisdiction over the McFallses in their representative capacities. The McFallses acknowledged that the Crenshaws had attempted to establish subject-matter jurisdiction, but made no argument against the same beyond stating that the McFallses had denied subject-matter jurisdiction in their response to the Crenshaws' complaint. In its February 19, 2014 order, the circuit court struck through all references to the McFallses's representative capacities as trustees and made handwritten modifications including the McFallses' names, referencing them "in their individual capacities" and "individually."[6]

Also in its February 19, 2014 order, the circuit court instructed the Crenshaws to file their attorney's fee petition and brief, requiring that they outline the factors established in *Chrisco v. Sun Industries, Inc.,* therein.[7] On February 26, 2014, the Crenshaws filed their petition for attorney's fees contemporaneously with their supporting brief requesting $18,375. On March 5, 2014, the McFallses filed a response to the Crenshaws's attorney's fee motion objecting to the amount requested as "clearly excessive." On March 11, 2014, the circuit court entered an order granting attorney's fees to the Crenshaws in the amount of $1,500 pursuant to Arkansas Rule of Civil Procedure 54(a). No discussion or

---

[6]Said order was a proposed order which had been prepared by the Crenshaws's attorney.

[7]304 Ark. 227, 800 S.W.2d 717 (1990).

explanation of the court's reduction of the Crenshaws's requested fees was given and no reference to the *Chrisco* factors was made.

On March 17, 2014, the Crenshaws filed a motion for reconsideration, asking the court to make sufficient findings on the fee award that it believed the case reasonably supported, to provide any detail concerning how it arrived at the reduced fee award given the billing records at hand, and to perform an analysis of the *Chrisco* factors. The circuit court did not address the Crenshaws's motion; therefore, it was deemed denied. This timely appeal followed.

## I.        *Standard of Review*

The standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence.[8] Disputed facts and determinations of credibility are within the province of the fact-finder.[9] A circuit court's conclusions of law, however, are given no deference on appeal.[10]

## II.        *Direct Appeal*

Because we reverse the circuit court on cross-appeal, the Crenshaws's argument on direct appeal is moot; therefore, we do not address it.[11]

---

[8]*Washington v. Washington*, 2013 Ark. App. 54, at 3, 425 S.W.3d 858, 861 (citing *McNeely v. Bone*, 287 Ark. 339, 698 S.W.2d 512 (1985)).

[9]*Id.*, 2013 Ark. App. 54, at 3–4, 425 S.W.3d at 861 (citing *Jaramillo v. Adams*, 100 Ark. App. 335, 268 S.W.3d 351 (2007)).

[10]*Id.*, 2013 Ark. App. 54, at 4, 425 S.W.3d at 861 (citing *Jaramillo*, 100 Ark. App at 341, 268 S.W.3d at 356).

[11]*See Jefferson County Election Com'n v. Hollingsworth*, 2014 Ark. 431, at 5, 445 S.W.3d 504, 507 (a case becomes moot when any judgment rendered would have no



### III. *Cross-Appeal*

Our courts have held that the rules of civil procedure govern the conduct of parties to a legal action.[12] According to Black's Law Dictionary, a "party" is:

> [A] person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually. A "party" to an action is a person whose name is designated on record as plaintiff or defendant. [The] term, in general, means one having right to control proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from a judgment.

> "Party" is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently are persons interested but not parties.[13]

In its February 19, 2014 order, the following finding of fact is handwritten into the order: "That service was only obtained on Riley Vernon McFalls and Linda Sue McFalls in their individual capacities." However, this court notes that the headings of all pleadings below, including the complaint, reflected the following as the defendants: "RILEY VERNON MCFALLS and LINDA SUE MCFALLS, each in his and her representative capacity as a trustee of the RILEY VERNON MCFALLS REVOCABLE TRUST and of the LINDA SUE MCFALLS REVOCABLE TRUST."

---

practical legal effect upon a then existing legal controversy); *Howard v. Adams*, 2012 Ark. App. 562, at 11, 424 S.W.3d 337, 345 (A fact-finder's determination on one aspect of a case may render other aspects moot).

[12]*Norman v. Norman*, 347 Ark. 682, 685, 66 S.W.3d 635, 637–38 (2002) (citing *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997) (holding that the rules of civil procedure inherently apply to parties to an action)).

[13]*Id.*, 347 Ark. at 398, 66 S.W.3d 685–86 (citing Black's Law Dictionary 1122 (6th ed. 1990)); *see also Reynolds*, *supra*.

SLIP OPINION

We hold that the McFallses were not a party, individually, to the action below. The McFallses were sued in their representative capacities only and the McFallses' counsel represented them in their representative capacities only. The McFallses's counsel's request that the judgment be made against the McFallses individually does not make them parties in that capacity. Nor does the McFallses's counsel's erroneous signature line on a few documents asserting that McFallses were signing in both their individual and representative capacities make them parties. Accordingly, we hold that the circuit court's finding that the McFallses were sued in their individual capacities was clearly erroneous. Accordingly, we reverse.

Direct appeal dismissed; reversed and remanded on cross-appeal.

GLADWIN, C.J., and KINARD, J., agree.

*The Key Firm, PLLC*, by: *Shawn Key*, for appellants.

*Simpson, Simpson & Mercer, P.A.*, by: *Justin G. Mercer*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellees.