SLIP OPINION

Cite as 2016 Ark. 32

# SUPREME COURT OF ARKANSAS

No. CV–15–396

| | |
|---|---|
| RILEY VERNON McFALLS AND LINDA SUE McFALLS<br><br>APPELLANTS<br><br>V.<br><br><br>RALPH CRENSHAW AND DONNA CRENSHAW<br><br>APPELLEES | Opinion Delivered February 4, 2016<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV-2014-170-1]<br><br>HONORABLE THOMAS HUGHES, JUDGE<br><br>PETITION FOR REVIEW DENIED. |

**PAUL E. DANIELSON, Associate Justice**

This is a companion case to *Crenshaw v. McFalls*, 2016 Ark. 39, which we also hand down today. In addition to filing the cross-appeal in that case, appellants Riley Vernon McFalls and Linda Sue McFalls filed an independent action in circuit court, pursuant to Arkansas Rule of Civil Procedure 60(k), in which they sought to set aside the judgment entered against them in the underlying case. The White County Circuit Court denied their petition and amended petition to set aside, and the McFallses' motion for reconsideration was deemed denied. They filed an appeal, making the same argument as that raised in the cross-appeal in the companion case: that the circuit court erred in entering judgment against them in their individual capacities. On April 15, 2015, our court of appeals issued an opinion dismissing the appeal as moot, as the issue had already been decided in the companion case. *McFalls v. Crenshaw*, 2015 Ark. App. 249 (reh'g denied May 20, 2015).

The McFallses filed a petition for review in this court, arguing that the court of appeals's decision conflicted with prior holdings and our rules and that it raised a substantial question of law concerning the construction of a court rule. *See* Ark. Sup. Ct. R. 2-4(c)(ii) & (iii). We granted the petition for review. However, for the same reasons expressed today in *Crenshaw v. McFalls*, 2016 Ark. 39, we now hold that the petition was improvidently granted. Accordingly, we deny review, and the decision in *McFalls v. Crenshaw*, 2015 Ark. App. 249, remains the decision in this case.

Petition for review denied.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent for the same reasons expressed in my dissent today in *Crenshaw v. McFalls*, 2016 Ark. 39.

HART, J., joins in this dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** For the reasons stated in my dissent in the companion case *Crenshaw v. McFalls*, 2016 Ark. 39, this appeal is not moot. I would therefore uphold this court's prior decision to take this case on review, affirm the circuit court, and vacate the court of appeals decision holding that this case is moot.

Riley Vernon McFalls and Linda Sue McFalls appeal from the denial of their petition to set aside a judgment entered against them for breach of a real-estate sales contract. On appeal, the McFalls argue that the circuit court erred when it sua sponte denied the McFallses' petition without a motion hearing.

SLIP OPINION

The Crenshaws were sellers of real estate in White County, and the McFallses, purporting to act as trustees of the Riley Vernon McFalls Revocable Trust and the Linda Sue McFalls Revocable Trust (McFalls Trust), contracted to buy it. A check for $5000 in earnest money, drawn on the McFallses' personal account, was placed in escrow. The McFallses failed to complete the transaction. The Crenshaws sued the McFalls Trust for specific performance and, alternatively, compensatory damages. The real estate was subsequently sold to a third party.

The McFallses were named in the Crenshaws' complaint and served with process only in their representative capacity as trustees. Nonetheless, the McFallses responded to the complaint in their *individual* as well as their representative capacities. A similar representation was made in their response to the Crenshaws' summary-judgment motion. The McFallses also signed their answers to interrogatories without designating whether they were doing so in their representative capacities. The McFalls Trust conceded liability, and the case proceeded to trial only on damages.

> After the circuit court announced its decision, the McFallses' counsel stated:

> The only concern or question I have is that plaintiffs sued the defendants in their individual names and in the name of their revocable trust. There was no evidence established that there is a trust. There was nothing admitted that there was a trust. So I would ask that any judgment simply be applied towards the defendants in their individual capacity.

The circuit court expressed concern about the dearth of evidence concerning the existence of the McFalls Trust. Nonetheless, the Crenshaws insisted that the McFalls Trust was the proper party against whom judgment should be entered. The circuit court ordered the issue

briefed, and the Crenshaws maintained that the McFalls Trust was the proper defendant. In their brief, the Crenshaws quoted Rule 15 of the Arkansas Rules of Civil Procedure, ostensibly in support of their contention that the McFalls Trust waived any issue regarding the proper party by failing to litigate the issue. They noted, however, in their discussion of Rule 15, that the "rule is liberal in its allowance of amendments to conform pleadings to proof." The Crenshaws noted as well that, under Rule 15(c), amendment by implication can change the party or parties named in the lawsuit. The McFalls Trust also argued that the McFallses, in their individual capacities, were not parties. The circuit court adopted the proposed judgment that the Crenshaws had submitted, but made handwritten corrections making the McFallses individually liable for $22,573.40 plus costs and interest.

The Crenshaws filed a motion for attorney's fees, requesting $18,375. The circuit court awarded $1500. After the Crenshaws' motion to reconsider was deemed denied, they appealed.

The McFallses subsequently filed a petition in accordance with Rule 60(k) of the Arkansas Rules of Civil Procedure. They amended their petition on June 12, 2014. In their petition, they asked the circuit court to set aside the judgment. The McFallses asserted that they were never served with process in their individual capacities and were therefore never made parties to the lawsuit. Accordingly, it was error for the circuit court to enter judgment against them.

In their July 9, 2014 response, the Crenshaws argued that if there was an issue of personal jurisdiction, the McFallses waived it by asking the court to enter judgment against

them personally. Further, the Crenshaws argued that the McFallses should be barred from asserting that the circuit court erred in entering judgment against them individually because it was done as a result of invited error.

On July 9, 2014, the McFallses filed a motion for judgment on the pleadings. On July 21, 2914, the Crenshaws filed a response, generally opposing the McFallses' motion, but nonetheless asking in their prayer for relief that the McFallses' petition be dismissed. On August 11, 2014, the circuit court entered an order denying the McFalles' petition. The McFalles filed a motion to reconsider, which was deemed denied. The McFallses timely appealed.

On appeal, the McFallses argue that the circuit court erred when it "sua sponte" denied their petition without a motion or a hearing. Citing *Lipsey v. Giles*, 2014 Ark. 309, *Rogers v. Lamb*, 347 Ark. 102, 60 S.W.3d 456 (2001); *Nichols v. Culotches Bay Navigation Rights Committee*, 2009 Ark. App. 365, 309 S.W.3d 218; and *Commercial Street Warehouseing, LLC v. Hastings Development, LLC*, 98 Ark. App. 316, 255 S.W.3d 488 (2007), for the proposition that deciding the case without a hearing or "responsive pleading" constituted reversible error, they assert that the circuit court's denial of their petition must be reversed. This argument is unpersuasive.

This court reviews the denial of a motion to set aside a judgment under Rule 60 for an abuse of discretion. *Stautzenberger v. Stautzenberger*, 2013 Ark. 148, 427 S.W.3d 17. As this court stated in *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004), "Abuse of discretion is a high threshold that does not simply require error in the trial court's decision,

but requires that the trial court act improvidently, thoughtlessly, or without due consideration." Rule 60(k) states as follows:

> *Independent Action to Set Aside Judgment—Writs Abolished.* A motion under this rule does not affect the finality of a judgment or decree or suspend its operation, except as provided herein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment who was not actually personally served with process or to set aside a judgment or decree for fraud upon the court. Writs of coram nobis in civil cases, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

The factual premise asserted by the McFallses in their appeal is faulty. As they note, on July 9, 2014, they filed a motion asking the circuit court to decide their petition on the pleadings. Although the Crenshaws generally opposed the motion, as noted previously, they nonetheless asked the circuit court to deny the McFallses' petition. This is not a situation in which the circuit court acted without a specific request by the parties. The McFallses asked for a decision on the pleadings and that is exactly what they received. On appeal, a party cannot complain about receiving the relief he or she requested. *Wyles v. State*, 357 Ark. 530, 182 S.W.3d 142 (2004).

I would affirm the circuit court and vacate the court of appeals opinion.

BAKER, J., joins.

*Simpson, Simpson & Mercer, P.A.*, by: *Justin G. Mercer*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellants.

*The Key Firm, PLLC*, by: *Shawn Key*, for appellees.