SLIP OPINION

Cite as 2016 Ark. 39

# SUPREME COURT OF ARKANSAS

**No.** CV-15-267

| | |
|---|---|
| RALPH CRENSHAW AND DONNA CRENSHAW <br>  APPELLANTS/CROSS-APPELLEES <br><br> V. <br><br> RILEY VERNON MCFALLS AND LINDA SUE MCFALLS, EACH IN HIS AND HER REPRESENTATIVE CAPACITY AS A TRUSTEE OF THE RILEY VERNON MCFALLS REVOCABLE TRUST AND OF THE LINDA SUE MCFALLS REVOCABLE TRUST <br>  APPELLEES/CROSS-APPELLANTS | **Opinion Delivered:** February 4, 2016 <br><br> APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [CV-2013-419-1] <br><br><br> HONORABLE THOMAS HUGHES, JUDGE <br><br><br><br> <u>PETITION FOR REVIEW DENIED</u>. |

**ROBIN F. WYNNE, Associate Justice**

This case arises from a contract dispute over the purchase of real property in White County. Appellants/cross-appellees Ralph Crenshaw and Donna Crenshaw filed a breach-of-contract suit against appellees/cross-appellants Riley Vernon McFalls and Linda Sue McFalls, each in his and her representative capacity as a trustee of the Riley Vernon McFalls Revocable Trust and of the Sue McFalls Revocable Trust (the McFallses). Ultimately, the trial court awarded the Crenshaws $22,573.40 in damages, plus costs and interest, and $1500 in attorney's fees, after their attorney had petitioned for $18,375. The Crenshaws appealed the reduced attorney-fee award, and the McFallses cross-appealed, challenging the entry of judgment against them in their individual capacities. On March 11, 2015, our court of appeals issued an opinion reversing and remanding on cross-appeal and dismissing the direct appeal as moot. *Crenshaw v. McFalls*, 2015 Ark. App. 186, 457 S.W.3d 705 (reh'g denied

Apr. 15, 2015). The Crenshaws filed a petition for review in this court, arguing that the court of appeals's decision is "in conflict with prior holdings of published opinions of [the] Supreme Court." The petition relied on the petition for rehearing filed in the court of appeals, in which the Crenshaws argued that the court had erred in failing to address the invited-error doctrine.

A petition for review must allege one of the grounds listed in Rule 2-4(c) of the Rules of the Arkansas Supreme Court. Here, the Crenshaws alleged that the court of appeals's decision was in conflict with prior holdings of published opinions of this court. *See* Ark. Sup. Ct. R. 2-4(c)(ii). We granted the Crenshaws' petition for review. However, upon further examination, we have determined that no conflict exists and that the petition was improvidently granted. *See Brown v. Alabama Elec. Co.*, 334 Ark. 35, 970 S.W.2d 807 (1998); *Green v. Coca-Cola Bottling Co.*, 329 Ark. 345, 948 S.W.2d 92 (1997); *Hamilton v. Jeffrey Stone Co.*, 297 Ark. 24, 759 S.W.2d 792 (1988) (all denying review after the court determined that the petition for review had been improvidently granted). Accordingly, we deny the petition for review, and the decision in *Crenshaw v. McFalls*, 2015 Ark. App. 186, 457 S.W.3d 705, remains the decision in this case.

Petition for review denied.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** Pursuant to Arkansas Supreme Court Rule 2-4, on September 10, 2015, we granted the Crenshaws's petition for review. Rule 2-4(c) provides:

Grounds for Review. A petition for review must allege one of the following: (i) the case was decided in the Court of Appeals by a tie vote, (ii) the Court of Appeals rendered a decision which is in conflict with a prior holding of a published opinion of either the Supreme Court or the Court of Appeals, or (iii) the Court of Appeals otherwise erred with respect to one of the grounds listed in Rule 1-2(b).

Rule 1-2 (b) provides:

(b) Reassignment of Cases. Any case is subject to reassignment by the Supreme Court, and in doing so, the Supreme Court will consider but not be limited to the following:

> (1) issues of first impression,
> (2) issues upon which there is a perceived inconsistency in the decisions of the Court of Appeals or Supreme Court,
>
> (3) issues involving federal constitutional interpretation,
>
> (4) issues of substantial public interest,
>
> (5) significant issues needing clarification or development of the law, or overruling of precedent, and
>
> (6) appeals involving substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly, ordinance of a municipality or county, or a rule or regulation of any court, administrative agency, or regulatory body.

Accordingly, this court accepts petitions for review based on various grounds for review.

Here, having granted review, the majority now holds that the court of appeals' decision does not conflict with prior holdings and "the petition was improvidently granted," citing to *Brown v. Alabama Elec. Co.*, 334 Ark. 35, 36– 37, 970 S.W.2d 807, 808 (1998); *Green v. Coca-Cola Bottling Co.*, 329 Ark. 345, 349, 948 S.W.2d 92, 94 (1997); and *Hamilton v. Jeffrey Stone Co.*, 297 Ark. 24, 24, 759 S.W.2d 792, 792–93 (1988). However, these cases

are not similar to the one before us. In *Brown*, we held that the petition for review was improvidently granted, and explained,: "[W]e have concluded that the abstract of the proceedings before the Commission does not show that the important issues of statutory construction or constitutional validity were ever presented to the Commission for its determination." *Brown*, 334 Ark. at 36, 970 S.W.2d at 808. Therefore, the issue in *Brown*, was not preserved for our review. Next, the majority cites to *Green*, but it is not on point either. In that case, in holding that the petition for review was improvidently granted, we explained

> In sum, there are several ways to analyze the fact pattern presented by this case. The parties, however, have failed to argue which standard should be adopted by this court. We are hesitant to resolve such an important issue of first impression without a specific request to do so and without adequate legal argument upon which to base our decision.

*Id.* at 349, 948 S.W.2d at 94. Accordingly, the parties in *Green* did not request or develop the specific issue, thus, we held that the petition was improvidently granted. Finally, *Hamilton v. Jeffrey Stone Co.*, 297 Ark. 24, 24, 759 S.W.2d 792, 792-93 (1988), does not support the majority's position because our opinion does not explain the basis for holding that the petition was improvidently granted but simply stated that "we were asked to review the decision of the court of appeals, and we granted the petition. Upon further study, we have determined that review was improvidently granted." This offers no support to the majority. In sum, these cases are not analogous to the case before us.[1] Here, the crux of

---

[1]Although not cited by the majority, *Graham v. Turnage Employment Grp.*, 334 Ark. 32, 34, 970 S.W.2d 808, 810 (1998) (internal citations omitted), also does not support the majority's position. In *Graham*, we granted a petition for review and ultimately held that

the Crenshaws' argument is that the court of appeals failed to address the doctrine of invited error. By denying the petition for review, the majority avoids the doctrine as well and fails to address the arguments presented.

Finally, I must note that the irony of the majority denying review because this court improvidently granted review is that the majority actually addresses the merits but fails to issue an opinion. Based on its review of the petition, response, and briefs, including the supplemental briefs that were filed once we granted review, the majority holds that the court of appeals' opinion does not conflict with precedent. The flaw with this holding is that the majority has reviewed the merits and determined that it agrees with the court of appeals; but, rather than reviewing the merits addressing the doctrine of invited error and the proper parties, crafting an opinion with its analysis, and vacating the court of appeals' opinion, the majority holds that this court improvidently granted review.

In sum, this court has clearly considered the petition for review. In *Moose v. Gregory*, 267 Ark. 86, 87, 590 S.W.2d 662, 663 (1979), we took the opportunity to address our appellate jurisdiction and the significance of the petition for review when it was adopted:

---

we improvidently granted the petition and denied it explaining, "we . . . cannot address this constitutional challenge because Graham failed to raise it before the Workers' Compensation Commission. . . . For these reasons, we conclude that the petition for review was improvidently granted."

Amendment 58[2] contains only one sentence pertinent to questions of jurisdiction and review, as between the Supreme Court and the Court of Appeals: "The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine, and shall be subject to the general superintending control of the Supreme Court." Thus the amendment entrusts to the Supreme Court complete responsibility for determining both the initial jurisdiction of the Court of Appeals and the extent to which its decisions are reviewable.

. . . .

[W]e should state, as clearly and as unmistakably as we can, that the mere possibility that the Court of Appeals may have been wrong in a given case is not a basis for review by this court. No matter whether a particular case goes to one court or the other, the losing litigant understandably feels that the decision was wrong. And perhaps it was, no matter which court decided the case. No court is always right. But if we undertake to examine every decision of the Court of Appeals upon a mere suggestion of error, then we must ultimately read all the briefs and decide every case de novo, as if the Court of Appeals did not exist. There is no other possible course if we accept the position in effect argued by the present petitioners, that we should review the case simply because the Court of Appeals may have erred in finding that the chancellor's decision was against the weight of the proof.

Here, this court has carried out its duty to review the petition. The majority should now render an opinion for the parties rather than summarily deny it as "improvidently granted." Accordingly, based on my discussion above, it cannot be said that our judgment in granting the petition was reached improvidently "by using misleading information or a mistaken assumption." *Black's Law Dictionary* (10th ed. 2014). Therefore, I respectfully dissent.

HART, J., joins in this dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** During my 45 years as a private lawyer and an appellate-court judge I came to appreciate the sheer volume of material that

---

[2] I note that amendment 80 repealed amendment 58. However, the *Moose* opinion provides guidance to this court's petition-for-review process.

is called "the law." The law is both mandatory authority—cases, statutes, constitutions, regulations, rules—and persuasive authority—treatises, commentaries, law-review articles, and legal encyclopedias. Rather than being intimidated, I found a strange comfort in the realization that if I would only look hard enough, I would find the right answer somewhere in a book. This approach to the law served me well.

The court of appeals made errors of law by misstating and ultimately failing to adhere to the standard of review, misapplying the rules of civil procedure, ignoring case law, and failing to consider the doctrine of invited error. It also made errors of fact concerning how the McFallses represented themselves in the law suit. Because the opinions in this case give only a cursory view of what occurred, I will begin by briefly filling in the relevant history. The Crenshaws were sellers of real estate in White County, and the McFallses, purporting to act as trustees of the Riley Vernon McFalls Revocable Trust and the Linda Sue McFalls Revocable Trust (McFalls Trust), contracted to buy it. A check for $5000 in earnest money, drawn on the McFallses' personal account, was placed in escrow. The McFallses failed to complete the transaction. The Crenshaws sued the McFalls Trust for specific performance and, alternatively, compensatory damages. The real estate was subsequently sold to a third party.

The McFallses were named in the Crenshaws' complaint and served with process only in their representative capacity as trustees. Nonetheless, the McFallses answered the complaint in their *individual* as well as in their representative capacities. A similar representation was made in their response to the Crenshaws' summary-judgment motion. The McFallses also signed their answers to interrogatories without designating whether they

SLIP OPINION

were doing so in their representative capacities. The McFallses conceded liability, and the case proceeded to trial only on damages.

> After the circuit court announced its decision, the McFallses' counsel stated:
> The only concern or question I have is that plaintiffs sued the defendants in their individual names and in the name of their revocable trust. There was no evidence established that there is a trust. There was nothing admitted that there was a trust. So I would ask that any judgment simply be applied towards the defendants in their individual capacity.

The circuit court expressed concern about the dearth of evidence concerning the existence of the McFalls Trust. Nonetheless, the Crenshaws insisted that the McFalls Trust was the proper party against whom judgment should be entered. The circuit court ordered the issue briefed.

In their brief, the Crenshaws maintained their position that the McFalls Trust was the proper party against whom judgment should be assessed. They quoted Rule 15 of the Arkansas Rules of Civil Procedure, ostensibly in support of their contention that the McFalls Trust waived any issue regarding the proper party by failing to litigate the issue. The Crenshaws noted, however, in their discussion of Rule 15, that the "rule is liberal in its allowance of amendments to conform pleadings to proof." They noted as well that, under Rule 15(c), amendment by implication can change the party or parties named in the lawsuit.

In its brief, the McFalls Trust argued that the McFallses, in their individual capacities, were not parties. It further asserted that because there was no proof of the existence of the trust, the judgment should be dismissed entirely. The circuit court adopted the proposed judgment that the Crenshaws had submitted, but made handwritten corrections making the McFallses individually liable for $22,573.40 plus costs and interest.

The Crenshaws filed a motion for attorney fees, requesting $18,375. The circuit court awarded $1500. After the Crenshaws' motion to reconsider was deemed denied, they appealed.

The McFallses subsequently filed a separate petition in accordance with Rule 60(k) of the Arkansas Rules of Civil Procedure. They amended their petition on June 12, 2014. In their petition, they asked the circuit court to set aside the judgment. The McFallses asserted that they were never served with process in their individual capacities and were therefore never made parties to the lawsuit. Accordingly, it was error for the circuit court to enter judgment against them.

In their July 9, 2014 response, the Crenshaws argued that if there was an issue of personal jurisdiction, the McFallses waived it by asking the court to enter judgment against them personally. Further, the Crenshaws argued that the McFallses should be barred from asserting that the circuit court erred in entering judgment against them individually because it was done as a result of invited error.

On July 9, 2014, the McFallses filed a motion for judgment on the pleadings. On July 21, 2014, the Crenshaws filed a response, generally opposing the McFallses' motion, but nonetheless asking in their prayer for relief that the McFallses' petition be dismissed. On August 11, 2014, the circuit court entered an order denying the McFalles' petition. The McFalles filed a motion to reconsider, which was deemed denied. The McFallses timely appealed. Accordingly, the court of appeals—and this court—had before it the Crenshaws' appeal of the attorney-fee award and the McFallses' cross–appeal, which sought to appeal the finding that they were individually liable for the judgment. Both courts also had before

them the direct appeal of the McFallses' separate Rule 60(k) petition. The court of appeals reversed and remanded on the McFallses' cross-appeal in *Crenshaw v. McFalls*, 2015 Ark. App. 186, 457 S.W.3d 705, and dismissed the McFallses' direct appeal as moot. *McFalls v. Crenshaw*, 2015 Ark. App. 249.

I will first address why taking this case on review was not "improvident." Arkansas Supreme Court Rule 2-4(c) states in pertinent part that a petition for review must assert that the court of appeals decision is in "conflict with a prior holding of a published opinion of either the Supreme Court or the Court of Appeals." I contend that the court of appeals opinion is in conflict with several of our published decisions.

The court of appeals opinion also made significant errors of fact that directly relate to their mistakes of law, so I take this matter up first. The opinion states: "Nor does the McFallses's counsel's erroneous signature line on a few documents asserting that McFallses were signing in both their individual and representative capacities make them parties." In fact, the McFallses' attorney signed *every* responsive pleading in the law suit prior to judgment as "Riley Vernon McFalls and Linda Sue McFalls, in their individual capacities and in their capacities as trustees." The only factual finding that the signature of the McFallses' attorney on any document was "erroneous" comes from the court of appeals— no evidence was taken on the question and the circuit court made no such finding.

One cannot downplay the significance of the McFallses answering a complaint "individually and in their representative capacities." When you answer a complaint, you enter an appearance. *Chapman & Dewey Lumber Co. v. Bryan*, 183 Ark. 119, 35 S.W.2d 80 (1931). The *Bryan* court stated, "It is familiar law that one may submit to a jurisdiction

which could not otherwise be acquired, and that one does submit who, without questioning the jurisdiction, enters an appearance." *Id.* 183 Ark. at 23, 35 S.W. 2d at 81. It is settled law, nearly as old as this state that entering an appearance so as to become a party requires only "some substantive act that constitutes him a party to the suit." *Murphy v. Williams*, 1 Ark. 376 (1839).

Further, though not acknowledged by the court of appeals, the McFallses' answers to interrogatories were signed "Riley Vernon McFalls, Defendant and Linda Sue McFalls, Defendant." Likewise not mentioned by the court of appeals, the McFallses submitted sworn affidavits to the circuit court that indicated that they were defendants in the lawsuit in their individual capacity. Specifically, in opposing the Crenshaw's motion for summary judgment, the McFalls submitted affidavits attached to their motion opposing summary judgment titled "DEFENDANT RILEY VERNON McFALLS' AFFIDAVIT" and signed simply, "Riley Vernon McFalls," and "DEFENDANT LINDA SUE McFALLS' AFFIDAVIT" and signed simply, "Linda Sue McFalls." A circuit court may always take judicial notice of the contents of its case file. *Beck v. State*, 317 Ark. 154, 876 S.W.2d 561 (1994); *Walker v. State*, 304 Ark. 393, 803 S.W.2d 502 (1991). Moreover, a court may take judicial notice of the contents of its case file whether or not it is requested by a party. *Beck*, *supra*; Ark. Rule. Evid. 201(c). Accordingly, at all times prior to the judgment, the McFallses held themselves out to be appearing in court in both their representative *and* individual capacities. Further, they tried the entire case in both their individual and representative capacities. Under these circumstances, the circuit court's decision to enter

judgment against the McFallses in their individual capacities was not clearly against the preponderance of the evidence.

I will next outline the mistakes of law made by the court of appeals. In determining that the McFallses were "parties" only in their representative capacities, the court of appeals based its finding of fact on two points—service of process was directed to the McFallses only in their representative capacities and the "headings of all pleadings below, including the complaint, reflected the following as the defendants: "RILEY VERNON MCFALLS and LINDA SUE MCFALLS, each in his and her representative capacity as a trustee of the RILEY VERNON MCFALLS REVOCABLE TRUST and of the LINDA SUE MCFALLS REVOCABLE TRUST." This finding is in direct conflict with opinions of this court, as I will explain in more detail.

As noted previously, the court of appeals makes a mistake of law by essentially holding that the only way to become a defendant in a lawsuit is by the plaintiff serving process. Therefor, the court of appeals opinion conflicts with supreme court precedent holding that a party can be joined as a defendant if the party enters an appearance. *Kirk v. Bonner*, 77 Ark. 412, 95 S.W. 776 (1933); *Spratley v. Louisiana & A. Ry. Co.*, 77 Ark. 412, 95 S.W. 776 (1906). Entering an appearance may be by a formal filing or by words or actions. *Kirk*, *supra*.; *see Bryan*, *supra*; *Williams*, *supra*.

The addition of the McFallses as defendants in this case is called permissive joinder and is governed by Rule 20 of the Arkansas Rules of Civil Procedure. It states in pertinent part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Application of Rule 20 is intended to be interpreted liberally. 2 David Newbern, John J. Watkins, & D. P. Marshall, Jr., Arkansas Civil Practice and Procedure § 7:7 (4th ed.). Further, as raised by the Crenshaws to the circuit court, under Rule 15(c), amendment by implication can change the party or parties named in the lawsuit.

Here, the McFallses became parties in their individual capacities by filing responsive pleadings in their individual capacities. This constituted words and actions that constitute entry of an appearance. *See Kirk*, *supra*; *Bryan*, *supra; Williams*, *supra.* Furthermore, under Rule 9 of the Arkansas Rules of Civil Procedure, it was the McFallses' burden to maintain that they could not be sued in their individual capacities.

I am mindful that what the court of appeals referred to as the "heading" did not change prior to the McFallses' attorney asking that judgment be had against them in their individual capacities. However, the caption is not dispositive of the question whether the McFallses were made parties in their individual capacities. While a pleading should reflect the addition of parties, technical defects are not fatal. Under Rule 15 of the Arkansas Rules of Civil Procedure, how the parties try the case is dispositive. Newbern et al. § 11:3.

Finally, I believe that it is worth noting that the McFallses' cross-appeal only embraced the issue of whether judgment should be entered against them in their individual capacities or against the trust. In their argument to the circuit court, they asserted that the Crenshaws failed to prove that the trust existed and that there was no service of process against them personally. The McFallses also stated that the trust's attorney—who now represented them in them individually—did not ask to have judgment entered against them in their individual capacities. This last contention is shown to be a blatant falsehood by the direct quote that previously appears in this dissent. Further, as also previously discussed, the Arkansas Rules of Civil Procedure impose no requirement on the Crenshaws to establish the existence of the trust or the capacity of the trustees to be sued. Ark. R. Civ. P. 9. Thus we are left with the venerable doctrine of invited error to decide whether to affirm the circuit court. In *Wyles v. State*, 357 Ark. 530, 182 S.W.2d 142 (2004), this court stated that on appeal, a party cannot complain about receiving the relief he or she requested. Failure to follow this precedent in the court of appeals opinion is therefore a clear conflict with our precedent.

For the foregoing reasons, I would uphold this court's decision to grant the Crenshaw's petition for review, vacate the court of appeals opinion, and affirm the circuit court on cross-appeal. I would then take up the issue of attorney's fees which was the subject of the direct appeal.

BAKER, J., joins.

*The Key Firm, PLLC*, by: *Shawn Key*, for appellants.

*Simpson, Simpson & Mercer, P.A.*, by: *Justin G. Mercer*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellees.